UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EXPORTACIONES DEL FUTURO S.A. DE C.V., :
                              Plaintiff,       :      Docket No. 07 Civ 4145
     - against -                 :

ICONIX BRAND GROUP INC. and     :
IP HOLDINGS, LLC,              :

                            Defendants.    :
-----------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

SPEARS & IMES LLP
51 Madison Avenue, 25th floor
New York, New York 10010
Tel: (212) 213-1715
Fax: (212) 213-0849

*Attorneys for Defendants Iconix
Brand Group, Inc. and IP Holdings LLC*

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT
      PLAINTIFF'S OPPOSITION FAILS TO CURE THE DEFICIENCIES OF
      ITS COMPLAINT, WHICH MUST BE DISMISSED FOR FAILURE TO
      STATE A CLAIM ............................................................................................................... 1

      A. Plaintiff Offers No Admission Exempting the Unsigned Agreement from the
         Statute of Frauds ..................................................................................................... 1

      B. Plaintiff's Opposition Fails to Address the *Adjustrite* Factors Demonstrating the
         Parties' Intent Not to be Bound Prior to Formal Execution .................................... 4

      C. Iconix Cannot, as a Matter of Law, Be Held Liable for Tortious Interference With
         the Contract of its Subsidiary Where Plaintiff Alleges No Malice ......................... 6

      D. Plaintiff's Opposition Fails to Address Critical Elements of a Claim for Tortious
         Interference With Prospective Business Advantage ............................................... 7

CONCLUSION .............................................................................................................................. 9

## TABLE OF AUTHORITIES

Federal Cases:

*A. Terzi Productions, Inc. v. Theatrical Protective Union*, 2 F.Supp.2d 485
(S.D.N.Y. 1998) ........................................................................................................ 9

*Adjustrite Systems, Inc. v. GAB Business Services, Inc.*, 145 F.3d 543 (2d Cir. 1998) ........ 4

*Advanced Marine Technologies, Inc. v. Burnham Securities, Inc.*, 16 F.Supp.2d 375
(S.D.N.Y. 1998) .................................................................................................... 4-5

*Arcadian Phosphates Inc. v. Arcadian Corp.*, 884 F.2d 69 (2d Cir. 1989) ............................. 5

*Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A.*, 2003 WL 23018888
(S.D.N.Y. Dec. 22, 2003) .................................................................................... 5, 6

*Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1255 (2007) .................................. 1-2

*Braun v. CMGI, Inc.*, 2001 WL 921170 (S.D.N.Y. Aug. 14, 2001), *aff'd*, 2003 WL
21182068 (2d Cir. 2003) ......................................................................................... 5

*Centers v. Centennial Mortg., Inc.*, 398 F.3d 930 (7th Cir. 2005) ........................................ 2

*Jews for Jesus, Inc. v. Jewish Community Relations Council of New York, Inc.*,
968 F.2d 286 (2d Cir. 1992) .................................................................................... 7

*Libertad v. Welch*, 53 F.3d 428 (1st Cir. 1995) ..................................................................... 2

*PKG Group, LLC v. Gamma Croma, S.p.A.*, 446 F.Supp.2d 249 (S.D.N.Y. 2006) ............. 8

*Precise-Marketing Corp. v. Simpson Paper Co.*, 1999 WL 259518 (S.D.N.Y.
Apr. 30, 1999) .......................................................................................................... 3

*Revson v. Claire's Stores, Inc.*, 120 F.Supp.2d 322 (S.D.N.Y. 2000) ................................... 3

*Spencer Trask Software and Information Services LLC v. RPost Intern.*, 383 F.Supp.2d
428 (S.D.N.Y. 2003) ............................................................................................ 3, 4

*Zdenek Marek v. Old Navy (Apparel) Inc.*, 348 F.Supp.2d 275 (S.D.N.Y. 2004) ................ 8

*Zeigler v. Fisher-Price, Inc.*, 302 F.Supp.2d 999 (N.D.Iowa 2004) ..................................... 2

*Zikakis v. Staubach Retail Services, Inc.*, 2005 WL 2347852 (S.D.N.Y. Sept. 26, 2005) ... 8-9

New York State Cases:

*Bono v. Cucinella*, 298 A.D.2d 483, 748 N.Y.S.2d 610 (2d Dept. 2002) .................................. 2

*Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 785 N.Y.S.2d 359 (2004) ......................................... 8

*Concordia General Contracting v. Peltz*, 11 A.D.3d 502, 782 N.Y.S.2d 848 (2d Dept. 2004) .......................................................................................................................... 3

*Dzek v. Desco Vitroglaze of Schenectady Inc.*, 285 A.D.2d 926, 727 N.Y.S.2d 814 (3d Dept. 2001) .................................................................................................................. 2, 3

*Felsen v. Sol Café Mfg. Corp.*, 24 N.Y.2d 682, 301 N.Y.S.2d 610 (1969) ................................ 7

*Fleet Bank v. Pine Knoll Corp.*, 290 A.D.2d 792, 736 N.Y.S.2d 737 (3d Dept. 2002) .............. 3

*Hirsch v. Food Resources, Inc.*, 24 A.D.3d 293, 808 N.Y.S.2d 618 (1st Dept. 2005) ............... 6

*Koret, Inc. v. Christian Dior, S.A.*, 161 A.D.2d 156, 554 N.Y.S.2d 867 (1st Dept. 1990) ........ 7

*Northeast Wine Development, LLC v. Service-Universal Distributors, Inc.*, 23 A.D.3d 890, 804 N.Y.S.2d 836 (3d Dept. 2005) .......................................................................... 8, 9

*White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 8 N.Y.3d 422, 835 N.Y.S.2d 530 (2007) ....................................................................................................................... 6-7

Other Authorities:

28 N.Y. Prac., Contract Law § 3:21 (2007) ................................................................................. 5

28 N.Y. Prac., Contract Law § 21:51 (2007) ............................................................................... 7

General Obligations Law § 5-701(a)(1) ................................................................................... 1-2

General Obligations Law § 5-701(b)(3) ................................................................................. 1, 2, 3

## INTRODUCTION

Plaintiff's opposition to defendants' motion to dismiss fails to cure the blatant pleading deficiencies of the Complaint. To begin, the Statute of Frauds bars enforcement of plaintiff's claim for breach of the unsigned agreement; the "admission" that plaintiff proffers in lieu of a writing signed by defendant IP does not fall within the express statutory exemptions of General Obligations Law § 5-701(b)(3) and therefore fails to satisfy the Statute of Frauds. In addition, plaintiff ignores the wealth of uncontroverted evidence, apparent from the face of the unsigned agreement, demonstrating IP's intention not to be bound prior to formal execution of the contract; as a matter of law, there is no contract between the parties. Finally, plaintiff does not address the Complaint's omission of factual allegations supporting essential elements of the claims for tortious interference with contract and with prospective business advantage.

For all of these reasons, and those previously set forth in defendants' Moving Brief,[1] the Complaint fails to state a claim upon which relief may be granted and must therefore be dismissed in its entirety.

## ARGUMENT

### PLAINTIFF'S OPPOSITION FAILS TO CURE THE DEFICIENCIES OF ITS COMPLAINT, WHICH MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A. Plaintiff Offers No Admission Exempting the Unsigned Agreement from the Statute of Frauds

As set forth in defendants' Moving Brief at 11-15, the Statute of Frauds bars plaintiff from enforcing the unsigned agreement on which it sues.[2] *See* N.Y. Gen. Obl. Law

---

[1] "Moving Brief" or "Mov. Br." refer to the Memorandum of Law in Support of Defendants' Motion to Dismiss dated July 20, 2007.

[2] The document described in the Complaint and annexed thereto as Exhibit 1 contains only plaintiff's signature, not defendant IP's. The suggestion that IP "probably signed the contract," Pl. Opp. at 6 n. 3, is wholly insufficient to meet plaintiff's burden of pleading "[f]actual allegations ... enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1255, 1265 (2007). If IP had returned an

§ 5-701(a)(1); Mov. Br. at 11-15. Citing *Dzek v. Desco Vitroglaze of Schenectady Inc.*, 285 A.D.2d 926, 727 N.Y.S.2d 814 (3d Dept. 2001), and *Bono v. Cucinella*, 298 A.D.2d 483, 748 N.Y.S.2d 610 (2d Dept. 2002), plaintiff weakly responds to defendants' Statute of Frauds argument only by claiming that a press release issued by defendants constitutes an admission that exempts the unsigned agreement from the signature requirement. Pl. Opp.[3] at 6-7.

However *Dzek* and *Bono* involve specific statements falling squarely within express statutory exemptions for electronic communications and judicial admissions – neither of which apply in this case – and do not save plaintiff's contract claim from dismissal. Specifically, the Statute of Frauds provides that "[t]here is sufficient evidence that a contract has been made" if:

> (a) There is evidence of electronic communication (including, without limitation, the recording of a telephone call or the tangible written text produced by computer retrieval), admissible in evidence under the laws of this state, sufficient to indicate that in such communication a contract was made between the parties; [or]
>
> * * *
>
> (c) The party against whom enforcement is sought admits in its pleading, testimony or otherwise in court that a contract was made ....

Gen. Obl. Law § 5-701(b)(3)(a), (c). *See Bono v. Cucinella*, 298 A.D.2d at 484, 748 N.Y.S.2d at 612 (accounting submitted to Surrogate's Court admitted waiver of mortgage debt); *Dzek v. Desco Vitroglaze*, 285 A.D.2d at 927-28, 727 N.Y.S.2d at 816 (defendant admitted existence and actual terms of contract in tape-recorded conversation).[4]

---

executed agreement, surely plaintiff would have pled this fact in its complaint and annexed the signed document instead of the unsigned version. *Cf. Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) ("[A] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.").

[3] Citations to "Pl. Opp." refer to plaintiff's Memorandum of Law in Opposition to Dismiss dated September 6, 2007.

[4] *Libertad v. Welch*, 53 F.3d 428, 443 n. 12 (1st Cir. 1995) and *Zeigler v. Fisher-Price, Inc.*, 302 F.Supp.2d 999, 1021 (N.D.Iowa 2004), also cited by plaintiff, are completely irrelevant. Those cases each find a

2

Here, plaintiff offers neither an electronic communication falling within § 5-701(b)(3)(a) nor a judicial admission under § 5-701(b)(3)(c) and therefore fails to satisfy the Statute of Frauds. *See, e.g., Revson v. Claire's Stores, Inc.*, 120 F.Supp.2d 322, 324-25 (S.D.N.Y. 2000) (unsigned arbitration testimony does not constitute a judicial admission sufficient to remove contract from Statute of Frauds) (Kaplan, J.); *Precise-Marketing Corp. v. Simpson Paper Co.*, 1999 WL 259518 at *9 (S.D.N.Y. Apr. 30, 1999) (Ward, J.) (letters and memoranda allegedly admitting the existence of alleged contracts "do not constitute pleadings, testimony or an admission otherwise made in court" for purposes of Statute of Frauds exception).

Further, the press release on which plaintiff relies is inadequate for a second, independent reason – it does not describe the "essential terms" of the purported agreement. *Concordia General Contracting v. Peltz*, 11 A.D.3d 502, 503, 782 N.Y.S.2d 848, 850 (2d Dept. 2004). *See also Spencer Trask Software and Information Services LLC v. RPost Intern.*, 383 F.Supp.2d 428, 451 n. 9 (S.D.N.Y. 2003) ("defendants' admission to an 'agreement on terms' with" plaintiff "does not take the [alleged] Agreement outside of the Statute of Frauds, since … the defendants did not make any admission regarding the precise terms of the alleged agreement.") (Leisure, J.); *Fleet Bank v. Pine Knoll Corp.*, 290 A.D.2d 792, 795, 736 N.Y.S.2d 737, 740-41 (3d Dept. 2002) ("A party seeking to avoid application of the Statute of Frauds must demonstrate some exception thereto, such as an admission by the other party **to the essential terms** and actual existence of the oral contract …") (emphasis supplied); *Dzek v. Desco Vitroglaze*, 285 A.D.2d at 927, 727 N.Y.S.2d at 816 ("a party's admission **to the essential terms** and actual existence of the alleged oral contract is sufficient to take the agreement outside the scope of the Statute of Frauds.") (emphasis supplied).

---

press release admissible in evidence under one or more hearsay exceptions; they have nothing whatsoever to do with the Statute of Frauds or New York contract law.

3

In sum, plaintiff's claim for breach of the unsigned agreement is barred, as a matter of law, by the Statute of Frauds.

### B. Plaintiff's Opposition Fails to Address the *Adjustrite* Factors Demonstrating the Parties' Intent Not to be Bound Prior to Formal Execution

As set forth in defendants Moving Brief, application of the four-part test of *Adjustrite Systems, Inc. v. GAB Business Services, Inc.*, 145 F.3d 543, 549 (2d Cir. 1998), leads to the inevitable conclusion that, as a matter of law, there was no binding agreement between the parties in the absence of IP's formal execution of the contract. See Mov. Br. at 3-11. In response, plaintiff addresses none of the governing *Adjustrite* factors, contending instead that the Court may not apply that test in the context of a motion to dismiss. Pl. Opp. at 7-8. This is wrong.

As plaintiff itself acknowledges, Pl. Opp. at 7 n. 4, Judge Leisure did apply the four part test in the context of a Rule 12(b)(6) motion – and dismissed the plaintiff's contract claim – in *Spencer Trask Software v. RPost Intern.*, 383 F.Supp.2d 428. See *id.* at 439 ("the Court can make the determination of whether the parties intended to be bound in an alleged preliminary agreement on a motion to dismiss."). In that case, the Court relied, *inter alia*, on the fact that there were "several expressions of the mutual intent not to be bound prior to the execution of the draft agreements" and that the agreement was a "complex, multi-stage package deal" to conclude "that based on the facts alleged in the Amended Complaint and the incorporated documents, the Court finds that the plaintiffs have failed to state a claim." *Id.* at 442-45.

*Spencer Trask Software* does not stand alone; other courts have granted dismissal pursuant to Rule 12(b)(6). For example, in *Advanced Marine Technologies, Inc. v. Burnham Securities, Inc.*, 16 F.Supp.2d 375 (S.D.N.Y. 1998), Judge Kaplan found that the relevant factors "leave no room for doubt" and dismissed a breach of contract claim where "the facts alleged in

4

the complaint and the inferences that reasonably might be drawn therefrom would not permit a trier of fact to conclude, in light of the full text of the [allegedly binding] letter, that the parties entered into a legally binding agreement." *Id.* at 380-81. *See also Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A.*, 2003 WL 23018888 at * 5 n. 3 (S.D.N.Y. Dec. 22, 2003) (Mukasey, J.) (granting motion to dismiss "for failure to show an enforceable agreement); 28 N.Y. Prac., Contract Law § 3:21 (2007) ("Where the allegations of a complaint and the inferences that reasonably might be drawn therefrom would not permit a conclusion that the parties entered into a binding contract, an attempt to enforce a preliminary oral agreement should be dismissed.").

As discussed in detail defendants' Moving Brief at 4-6, "[t]he most important factor to consider" in determining whether parties are bound prior to formal execution of a contract is whether the language of the document itself "indicate[s] that they intended only a formal signed instrument to create a binding contract." *Braun v. CMGI, Inc.*, 2001 WL 921170 at *7 (S.D.N.Y. Aug. 14, 2001) (Pauley, J.) (*citing Arcadian Phosphates Inc. v. Arcadian Corp.*, 884 F.2d 69, 72 (2d Cir.1989)), *aff'd*, 2003 WL 21182068 (2d Cir. 2003). Here, the unsigned agreement is replete with objective manifestations of the parties' intent that they would not be bound prior to formal execution. *See* Moving Br. at 4-6. Briefly, the indicia of the parties' intent to set formal execution as the time of binding include:

- the unsigned agreement contains an execution line for each party;
- the top of each page is marked "Execution Copy";
- plaintiff admits that defendants "demanded that" its principal "execute the Agreement on behalf of Plaintiff ..." Complaint at ¶ 24;
- the agreement contains a merger clause in ¶ 22.5;

5

- the first paragraph following the "Whereas" clauses on the first page of the agreement states: "in consideration of the mutual covenants hereinafter set forth, Licensor [defendant IP] and Licensee [plaintiff] do **hereby** respectively grant, covenant and agree **as follows:** ..." (emphasis supplied);

- ¶ 1.1(a) expressly states that "Licensor **hereby** grants to Licensee an exclusive license ..." (emphasis supplied);

- § 2.1 provides that "[t]he initial term of this Agreement is approximately three years and nine months **commencing as of the date hereof**" (emphasis supplied).

*See also* Moving Br. at 4-6.

Because the parties' intention not to be bound is manifestly evident <u>from the face of the document itself</u>, dismissal as a matter of law is warranted and appropriate. *Banco Espirito Santo v. Citibank*, 2003 WL 23018888 at *5 (when a party includes in the relevant documents "forthright, reasonable signals that it mean[t] to be bound only by a written agreement," it is not a "proper exercise of authority for [a] court to frustrate that intent.").

### C. Iconix Cannot, as a Matter of Law, Be Held Liable for Tortious Interference With the Contract of its Subsidiary Where Plaintiff Alleges No Malice

Even if there was a valid contract between plaintiff and defendant IP – which there was not for reasons set forth in POINTS A and B, above – plaintiff fails to state a tortious interference claim against parent corporation Iconix. Plaintiff admits that IP is a wholly owned subsidiary,[5] Pl. Opp. at 8, and "absent allegations of malice or fraudulent or illegal means" (neither of which are alleged in the Complaint) "no liability lies" against "an owner with an economic interest" in the contracting party. *Hirsch v. Food Resources, Inc.*, 24 A.D.3d 293, 296-97, 808 N.Y.S.2d 618, 622 (1st Dept. 2005). *See also White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 8 N.Y.3d 422, 426, 835 N.Y.S.2d 530, 533 (2007) ("economic interest defense ... has been applied ... where defendant and the breaching party had a parent-subsidiary

---

[5] Plaintiff goes so far as to allege that "IP is merely a shell corporation," Pl. Op. at 8, an untruth which defendants will contest should this case survive dismissal.

relationship); *Felsen v. Sol Café Mfg. Corp.*, 24 N.Y.2d 682, 687, 301 N.Y.S.2d 610, 613-14 (1969) ("Chock Full O'Nuts, as the sole stockholder of Sol Café, had an existing economic interest in the affairs of Sol Café which it was privileged to attempt to protect when it 'interfered' with plaintiff's contract of employment with Sol Café"); *Koret, Inc. v. Christian Dior, S.A.*, 161 A.D.2d 156, 157, 554 N.Y.S.2d 867, 869 (1st Dept. 1990) ("corporate parent[ ] had a right to interfere with the contract of its subsidiary, in order to protect its economic interests"); 28 N.Y. Prac., Contract Law § 21:51 (2007) ("It is not enough to allege that a controlling shareholder acted in bad faith to cause a breach of the contract. Unless motivated by malice, a controlling shareholder who takes action to have the controlled corporation terminate a contract generally will not be liable for tortious interference.")

Citing *Jews for Jesus, Inc. v. Jewish Community Relations Council of New York, Inc.*, 968 F.2d 286 (2d Cir. 1992), plaintiff claims – wrongly – that parent corporations are only privileged to interfere with the contractual relationships of their subsidiaries if the interference is justified. Pl. Opp. at 9 n. 5. *Jews for Jesus* says no such thing – in fact, its brief discussion of tortious interference never mentions any parent/subsidiary relationship. *Id.* at 292.

Because Iconix is undisputedly IP's parent, and because plaintiff has alleged no facts supporting the conclusion that Iconix acted with malice (and signing an agreement with another licensee instead of plaintiff does not constitute malice or fraudulent or illegal means, *see* POINT D, below), the tortious interference claim must be dismissed.

### D. Plaintiff's Opposition Fails to Address Critical Elements of a Claim for Tortious Interference With Prospective Business Advantage

In opposing dismissal, plaintiff contends that defendants acted wrongfully by denying that they had entered a license agreement with Future Exports instead of plaintiff. Pl. Opp. at 10 (citing Complaint ¶¶ 31-32, 35). Even if this allegation was true (which it is not), it is a far cry

from the "crime or an independent tort" that rises to the level of "wrongful means" as required to state a claim. *PKG Group, LLC v. Gamma Croma, S.p.A.*, 446 F.Supp.2d 249, 251 (S.D.N.Y. 2006) (Rakoff, J.). *See also Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 191, 785 N.Y.S.2d 359, 363 (2004) ("[w]rongful means" requires "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure ... not, however ... persuasion alone although it is knowingly directed at interference with the contract.") *See also* Mov. Br. at 18-19. Moreover, even if defendants had made misstatements to plaintiff, the Complaint does not – and cannot – allege that "defendants acted with the sole purpose of harming the plaintiff." *Zdenek Marek v. Old Navy (Apparel) Inc.*, 348 F.Supp.2d 275, 280 (S.D.N.Y. 2004) (emphasis supplied). *See also Northeast Wine Development, LLC v. Service-Universal Distributors, Inc.*, 23 A.D.3d 890, 893, 804 N.Y.S.2d 836, 839 (3d Dept. 2005) (granting motion to dismiss where the complaint allegations do not establish "that defendant's sole motive for the interference was malice").

Finally, plaintiff's opposition fails to address two additional fatal deficiencies highlighted in defendants' motion to dismiss. First, although plaintiff implies that defendants lied about having a license agreement with Future Exports, the Complaint identifies no wrongful conduct directed toward Future Exports (as opposed to the plaintiff). *See, e.g., Carvel v. Noonan*, 3 N.Y.3d at 192, 785 N.Y.S.2d at 363 ("As federal courts applying New York law have recognized, conduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship.") (emphasis supplied). Second, the complaint never alleges "but for" causation – *i.e.*, that Future Exports would have entered into a contract with plaintiff but for the defendants' interference. *See, e.g., Zikakis v. Staubach Retail Services, Inc.*, 2005 WL 2347852

at *4 (S.D.N.Y. Sept. 26, 2005) (Buchwald, J.) ("A plaintiff also must allege that he would have entered into an economic relationship but for the defendant's wrongful conduct."); *A. Terzi Productions, Inc. v. Theatrical Protective Union*, 2 F.Supp.2d 485, 494 (S.D.N.Y. 1998) ("Tortious interference with prospective contractual relations applies to those situations where a third party would have entered into a contractual relationship with the plaintiff but for the defendant's intentional and wrongful acts."); *Northeast Wine Dev. v. Service-Universal Distr.*, 23 A.D.3d at 893, 804 N.Y.S.2d at 839 (dismissing claim where complaint did not allege that plaintiff's "actions were the 'but for' reason why more retail customers did not patronize plaintiff's store.) *See also* Mov. Br. at 20. These elements are critical to a claim for interference with prospective business, and plaintiff's omission of any response amounts to a tacit concession that plaintiff cannot allege facts to support them.

## CONCLUSION

For all of the reasons set forth above and in the Moving Br., plaintiff's Complaint fails to state a claim upon which relief may be granted and must therefore be dismissed pursuant to Rule 12(b)(6).

Dated: New York, New York
       September 17, 2007

                              SPEARS & IMES LLP

                              By: Debra A. Karlstein
                              51 Madison Avenue, 25th floor
                              New York, New York 10010
                              Tel: (212) 213-1715
                              Fax: (212) 213-0849

                              *Attorneys for Defendants Iconix Brand Group, Inc. and IP Holdings LLC*