**STAMELL & SCHAGER, LLP**
ATTORNEYS AT LAW
ONE LIBERTY PLAZA, 35TH FLOOR
NEW YORK, NEW YORK 10006-1404

WRITER'S E-MAIL: stamell@ssnyc.com

WRITER'S DIRECT: (212) 566-4051

TELEPHONE (212) 566-4047
FACSIMILE (212) 566-4061

September 25, 2007

**By ECF**

Honorable Leonard B. Sand, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 1650
New York, NY 10007-1312

    Re:    *Exportaciones del Futuro S.A. de C.V. v. Iconix Brand Group, Inc., et al.*

Dear Judge Sand:

    Oral argument on Thursday, September 20, raised the following questions:

1. The press release: Must the memorandum evidencing an agreement be both signed and contain the terms of a contract in order to satisfy the Statute of Frauds?

2. Iconix issued the press release, but IP Holdings is the contracting corporation: Was Iconix' signed acknowledgement of the agreement sufficient to satisfy the Statute?

3. Does a signed contract have to be delivered to be effective?

1.     A Signed Writing Satisfies The Statute Of Frauds If It Refers
       To An Unsigned Writing Containing The Terms Of The Contract

    Multiple writings are considered together in deciding whether there is a single memorandum sufficient to satisfy the Statute of Frauds. *Crabtree v. Elizabeth Arden Sales Corp.*, 305 N.Y. 48, 54 (1953). The writings may be signed or unsigned so long as they refer to the same subject matter. *Id.* at 54-55. Where the terms of agreement are not in a signed writing, but are found in an unsigned writing on the same subject matter, the combined writings satisfy the Statute of Frauds. *In re West-Herr Ford, Inc. v. Tax Appeals Tribunal*, 16 A.D.3d 727, 729 (3d Dep't 2005). *See* 61 N.Y.Jur.2d Frauds, Statute of § 232 ("Memorandum sufficient to comply with Statute of Frauds may be pieced together out of several writings, some signed and others unsigned, and parol evidence may be resorted to in aid thereof").

    Where a plaintiff signs a contract and returns it to defendant, but that defendant never signs the contract, other writings signed by the defendant satisfy the Statute of Frauds. For example, in *Beckwith v. Talbot*, 95 U.S. 289 (1877), the parties entered into a written contract for the management of cattle in the Colorado territory. The plaintiff, a cowboy, signed the contract and delivered it to the defendant, but the defendant never signed it. However, the defendant sent two signed letters referring to the agreement. *Id.* at 289-290. The defendant asserted the Statute of Frauds as a defense.[1] The court held that the signed letters were "a clear recognition" of the

---

[1] The language of the territorial Statute of Frauds was that "every agreement which by its terms is not to be performed within a year, unless some note or memorandum thereof be in writing and subscribed by the party chargeable therewith, shall be void." *Beckwith*, 95 U.S. at 289-290. This is substantively the same as the New York Statute of Frauds. N.Y.Gen.Obs.Law § 5-701(a).

September 25, 2007
Page 2

agreement, and therefore satisfied the Statute of Frauds. *Id.* at 291-292. *See also Church of God of Prospect Plaza v. Fourth Church of Christ, Scientist*, 76 A.D.2d 712, 715, 431 N.Y.S.2d 834, 837 (2$^d$ Dep't 1977) (where plaintiff signed but defendant did not, "[i]t is our opinion . . .that the plaintiff's written offer, the signed corporate minutes of the defendant accepting the terms of that offer and the formal unsigned contract prepared by defendant's attorneys which unequivocally refers to the same transaction, when read together, constitute a sufficient memorandum of the contract to satisfy the Statute of Frauds"), *aff'd on other grounds*, 54 N.Y.2d 742, 442 N.Y.S.2d 986 (1981); *Sokol v. Terry*, 43 Misc.2d 161; 250 N.Y.S.2d 392 (Suffolk Co. 1964) (similar facts and result to *Church of God*); *Ford Motor Co. v. Hotel Woodward Co.*, 271 F. 625, 628 (2d Cir. 1921) (defendant drafted lease and sent to plaintiff; plaintiff amended lease and sent it back; defendant responded with letter stating that the changes were acceptable; held: Statute of Frauds satisfied); *Schubert v. Bowman*, 9 Misc.2d 111, 112, 167 N.Y.S.2d 451, 452 (Suffolk Co. 1957) (defendant prepared contract but did not sign it, but plaintiff did; held: unsigned contract plus letter from defendant's broker and signed check satisfied Statute of Frauds); *Pierce Petroleum Corp. v. Hales*, 147 Okla. 42, 294 P. 160, 164-165 (1938) (plaintiff signed contract and delivered it to defendant who did not sign; but defendant's agent wrote and signed a letter referring to the contract, held sufficient to satisfy the Statute of Frauds); *Woodruff v. Butler*, 75 Conn. 679, 55 A. 167, 167 (1903) (lease signed by plaintiff and sent to defendant, who did not execute the lease but sent back a letter stating that it was "all right"; held: Statute of Frauds satisfied).

Furthermore, the existence of multiple writings referring to a contract creates an issue of fact for trial. *Monadnock Cutlery Co. v. Bernard Wasser, Inc.*, 35 Misc.2d 162, 163, 232 N.Y.S.2d 196, 196 (1st Dep't 1962) (reversing summary judgment because issue for trial existed where there were signed and unsigned writings referencing a contract). Where the documents that may prove a contract and satisfy the Statute of Frauds are in the control of the defendant, plaintiff is entitled to discovery. *Denton v. Clove Valley Rod & Gun Club, Inc.*, 95 A.D.2d 844, 844-845, 464 N.Y.S.2d 203, 204 (2$^d$ Dep't 1983) (plaintiff signed contract for purchase of building, but defendant "stalled" signing and plaintiff alleged that defendant's board of directors had authorized signature; court denied motion to dismiss and ordered discovery).

In this case, plaintiff alleges that the parties entered into a contract and attaches a press release in which Iconix announces entering into that contract. Complaint ¶ 14, 18, 20; Ex. 2. In *Beckwith*, *Church of God* and the other cases cited above, as here, plaintiff signed the contract and sent it to defendant, but defendant did not return a signed copy. *Beckwith*, 95 U.S. at 289-90; *Church of God*, 76 A.D.2d at 715, 431 N.Y.S.2d at 837. However, defendants did sign another writing referring to the unsigned contract, acknowledging the agreement. In *Beckwith*, this was a letter; in *Church of God*, it was the corporate minutes of the defendant. *Beckwith*, 95 U.S. at 291-292; *Church of God*, 76 A.D.2d at 715, 431 N.Y.S.2d at 837. Here, it is a press release. Complaint ¶ 26-27 and Ex. 2. Plaintiff also received at least two other e-mails that acknowledged the existence of the contract. Complaint ¶¶ 25, 33.

Finally, there may be other writings that satisfy the Statute of Frauds. As in *Church of God* and *Denton*, defendants may possess signed corporate minutes or written correspondence. *Church of God*, 76 A.D.2d at 715, 431 N.Y.S.2d at 837; *Denton*, 95 A.D.2d at 844-845, 464 N.Y.S.2d at 204-205. The contract may have been signed, although not returned, and there will be documents and testimony about the press release. As in the cases cited, plaintiff is entitled to discovery.

September 25, 2007
Page 3

2. <u>Iconix' Press Release Acknowledges IP's Agreement</u>

During oral argument, defendants argued that because the press release was not signed by IP Holdings, the party named in the contract, the Statute of Frauds was not satisfied. However, signed writings by an agent satisfy the Statute of Fraud. The Statute itself states that a writing must be "subscribed by the party to be charged therewith, <u>or by his lawful agent</u> . . . ." N.Y.Gen.Obs.Law § 5-701 (emphasis added). Iconix Brand Group owns IP Holdings and obviously controls IP. Iconix negotiated the contract and had actual and apparent authority to act as IP's agent. Iconix's press release, therefore, satisfies the Statute of Frauds. Complaint ¶ 11-13. *See Blye v. Colonial Corp. of America*, 102 A.D.2d 297, 298; 476 N.Y.S.2d 874, 874-875 (1st Dep't 1984) (where plaintiffs alleged that they were due a fee for arranging a licensing agreement between parent corporation and third party, letter from subsidiary corporation regarding agreement with parent satisfied Statute of Frauds).

3. <u>A Signed Contract Need Not Be Delivered</u>

Under New York law, it is not necessary that the signed contract be delivered to satisfy the Statute of Frauds. *See* N.Y. Jur.2d Frauds, Statute of § 154 ("In New York, delivery is not essential.") In *Schwartz v. Greenberg*, 199 Misc. 117, 102 N.Y.S.2d 367 (Westchester Co. 1951), both parties signed counterparts to a contract, but did not exchange them. The defendant later reneged. The court held: "Even though there were no delivery of the instrument as a contract, its delivery, as a memorandum effectual to satisfy the Statute of Frauds, would not be necessary." 199 Misc. at 117; 102 N.Y.S.2d at 368. The Second Circuit cases are the same. *Transit Advertisers, Inc. v. New York, New Haven & Hartford R. Co.*, 194 F.2d 907 (2d Cir. 1952) (delivery of signed memorandum documenting oral agreement unnecessary, unless, by its terms, oral agreement not to be consummated until delivery); *Rail Europe, Inc. v. Rail Pass Express, Inc.*, 1996 WL 157503, *4 n. 4 (S.D.N.Y. 1996) ("Statute of Frauds does not mandate delivery, so it does not matter that defendant never returned the signed contract to plaintiff"). *See also Schiff v. Kirby*, 22 Misc.2d 786, 789, 194 N.Y.S.2d 695, 700 (Westchester Co. 1959) (memoranda satisfy Statute of Frauds, and delivery of those memoranda to plaintiff not required); *Ward v. Hasbrouck*, 44 A.D. 32, 60 N.Y.S. 391 (1st Dep't 1899) (it is not necessary that writing relied upon be delivered to the plaintiff in order to satisfy the Statute of Frauds).

Nothing in the terms of the contract (Complaint Ex. 1) required delivery of a signed contract. As in *Beckwith* and *Church of God*, discussed in the previous section, it does not matter whether defendants signed. There are sufficient other signed writings, such as the press release and e-mails, to satisfy the Statute of Frauds. Also, as discussed in oral argument, the evidence and defendants' careful non-denials lead plaintiff to conclude that defendants <u>did</u> sign the contract, but withheld it or destroyed it. If that is the case, as in *Schwartz, Rail Europe*, and the other cases discussed above, the signature satisfies the Statute of Frauds. *Schwartz*, 199 Misc. at 117; 102 N.Y.S.2d at 368; *Rail Europe*, 1996 WL 157503, *4 n. 4.[2]

Respectfully,

*/s/ Jared B. Stamell*

cc.: Debra A. Karlstein, Esq.                     Jared B. Stamell

---

[2] As discussed in plaintiff's brief in opposition to the motion to dismiss, such testimony would also constitute admissions that would independently satisfy the Statute of Frauds. *See Bono v. Cucinella*, 298 A.D.2d 483, 484 (2d Dep't 2002); *see also* Opposition to Motion to Dismiss at 6-7, and cases cited therein.