# SPEARS & IMES LLP

51 Madison Avenue  
New York, NY 10010  
tel 212-213-6996  
fax 212-213-0849

Debra A. Karlstein  
tel: 212-213-1715  
dkarlstein@spearsimes.com

September 27, 2007

**BY ECF AND FEDERAL EXPRESS**

Honorable Leonard B. Sand, U.S.D.J.  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

    Re:    *Exportaciones v. Iconix*, No. 07 Civ 4145 (LBS)

Dear Judge Sand:

    We represent defendants Iconix Brand Group, Inc. and IP Holdings LLC and write in response to the September 25, 2007 letter from plaintiff's counsel ("Sur-reply")[1] and in further support of defendants' motion to dismiss plaintiff's Complaint.

    First, plaintiff's argument that the Statute of Frauds does not require delivery of a signed contract, *see* Sur-reply at 3, is a non-sequitur; delivery is not at issue in connection with this motion because the Complaint does not allege that a signed agreement even exists. Counsel's unsupported contention that "the evidence and defendants' careful non-denials lead plaintiff to conclude that defendant <u>did</u> sign the contract, but withheld it or destroyed it," Sur-reply at 3, violates Rule 11(b)(3) since plaintiff has not and cannot offer a single shred of evidentiary support for that bald allegation.

---

[1] As a preliminary matter, defendants respectfully request that the Court reconsider its decision to grant plaintiff leave to file additional papers and strike the Sur-reply. Defendants' reply papers raised no "new or unexpected issues," and plaintiff "had a full and fair opportunity" to address all of the issues discussed in the Sur-reply in its opposition brief. *Rosa v. City University of New York*, 2007 WL 1001416 at *1 n. 5, *2 (S.D.N.Y. Apr. 2, 2007) (Wood, J.). *See also In re WorldCom, Inc.*, 2007 WL 1989262 at *5 (Bkrtcy. S.D.N.Y. Jul. 9, 2007) ("[t]he standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply ... Thus, in general, a court would deny a motion to file a sur-reply where the moving party had "ample opportunity to address [the opposing party's] arguments ....") (citations omitted); *Miller v. IBM World Trade Corp.*, 2007 WL 700902 at *2 n. 4 (S.D.N.Y. Mar. 8, 2007) (Cote, J.) (denying leave to file sur-reply where defendant's "reply raised no new arguments"); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F.Supp. 492, 495-96 (S.D.N.Y. 1990) (Cannella, J.) (striking surreply memorandum as "unwarranted" where "each point in the reply brief directly responds to an issue raised in [plaintiff's] opposition papers"), *vacated in part on other grounds*, 739 F.Supp. 209 (S.D.N.Y. 1990).

*Honorable Leonard B. Sand, U.S.D.J.*     - 2 -                                    *September 27, 2007*

      The implication that discovery could potentially reveal the existence of a signed contract, Sur-reply at 2, is sheer speculation, wholly insufficient to state a claim for breach of contract. *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1965 (2007) (Fed.R.Civ.P. 8(a) requires a plaintiff to plead specific "[f]actual allegations … enough to raise a right to relief above the speculative level.") The Supreme Court has repeatedly stated that parties are not permitted access to the discovery process for the purpose of shoring up defective pleadings. *See id.*, 127 S.Ct. at 1966-67 ("when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court.") (internal quotations omitted) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 233-234 (3d ed. 2004)); *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347, 125 S.Ct. 1627, 1634 (2005) (criticizing the practice of allowing a plaintiff "with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence.") (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917 (1975)).

      In short, plaintiff has not produced a contract signed by defendant IP Holdings (the party to be charged), cannot plead facts supporting the baseless allegation that IP Holdings ever signed it, and therefore fails to satisfy the Statute of Frauds.

      <u>Second</u>, plaintiff's new argument that multiple writings should be considered together for Statute of Frauds purposes – appearing for the first time in the Sur-reply – is not properly before the Court because plaintiff waived it by failing to raise it in the opposition brief. *Cioffi v. Averill Park Central School Dist. Board of Ed.*, 444 F.3d 158, 169 (2d Cir. 2006) (issue raised for the first time in a reply brief "is not properly before us, because we deem it waived"); *Thomas v. Roach*, 165 F.3d 137, 145-46 (2d Cir. 1999) (refusing to consider argument first raised in reply brief). *See also Taylor v. Lifetouch Nat. School Studios, Inc.*, 490 F.Supp.2d 944, 950 (N.D. Ind. 2007) (striking sur-reply containing new arguments); *Alkire v. Marriott Intern., Inc.*, 2007 WL 1041660 at *11 (D.D.C. Apr. 5, 2007) (Kollar-Kotelly, J.) (striking sur-reply "because said Surreply introduces new arguments and provides a chart of cases responsive to Defendant's initial filing"); *Atwater v. National Football League Players Ass'n*, 2007 WL 1020848 at *15 (N.D. Ga. Mar. 29, 2007) (Carnes, J.) (party cannot "raise new arguments in a sur-reply that it could have raised in a[n] [opposition] pleading."); *Ferguson v. Lorillard Tobacco Co., Inc.*, 475 F.Supp.2d 725, 728 n. 4 (N.D. Ohio 2007) ("a sur-reply should be limited to addressing new arguments raised by the movant in a reply.").

      Rather, the **only** argument in response to defendants' Statute of Frauds argument in plaintiff's opposition brief (and which is properly considered by the Court at this time) is the contention that a press release issued by the defendants constitutes an admission exempting the alleged agreement from the signed writing requirement. *See* Memorandum of Law in Opposition to Motion to Dismiss dated September 6, 2007 at 6-7. However, as set forth in defendants' Reply Memorandum at 1-3, the press release annexed to the Complaint does not meet the express statutory requirements of General Obligations Law § 5-701(b)(3)(a) or (b)(3)(c). Moreover, as the Court noted at oral argument, the press release is also insufficient to constitute an admission

for Statute of Frauds purposes because, as counsel conceded during argument, it nowhere describes the "essential terms" of the alleged agreement. *See, e.g., Concordia General Contracting v. Peltz*, 11 A.D.3d 502, 503, 782 N.Y.S.2d 848, 850 (2d Dept. 2004).[2] Although plaintiff claimed at oral argument that the terms of the agreement need not be set forth in an admission, the Supreme Court case cited on the first page of the Sur-reply, *Beckwith v. Talbot*, 95 U.S. 289 (1877), explicitly refers to the "general rule that collateral papers, adduced to supply the defect of signature of a written agreement under the Statute of Frauds, should on their face sufficiently demonstrate their reference to such agreement without the aid of parol proof." *Id.* at 292.

Third, even if the Court were to consider plaintiff's newly-raised theory regarding the amalgamation of both signed and unsigned writings, the Statute of Frauds still bars enforcement of the alleged contract. The cases cited by plaintiff involve at least one writing signed by the party to be charged[3]; here, by contrast, plaintiff neither proffers a writing signed by IP Holdings nor cites **any** authority (either in its opposition brief or in its Sur-reply) supporting the proposition that a press release issued by a parent corporation is the legal equivalent of a signed writing under New York's Statute of Frauds.

---

[2] *See also Spencer Trask Software and Information Services LLC v. RPost Intern.*, 383 F.Supp.2d 428, 451 n. 9 (S.D.N.Y. 2003) (Leisure, J.) ("defendants' admission to an 'agreement on terms' with" plaintiff "does not take the [alleged] Agreement outside of the Statute of Frauds, since ... the **defendants did not make any admission regarding the precise terms of the alleged agreement.**") (emphasis supplied); *American Steel Erectors, Inc. v. Lehrer McGovern Bovis, Inc.*, 1997 WL 122761 at *5 n.7 (S.D.N.Y. Mar. 18, 1997) (Kalpan, J.) ("A judicial admission of the existence of a contract must be **clear and unequivocal** to take the contract out of the statute of frauds.") (emphasis supplied); *Fleet Bank v. Pine Knoll Corp.*, 290 A.D.2d 792, 795, 736 N.Y.S.2d 737, 740-41 (3d Dept. 2002) ("A party seeking to avoid application of the Statute of Frauds must demonstrate some exception thereto, such as an admission by the other party **to the essential terms** and actual existence of the oral contract ...") (emphasis supplied); *Dzek v. Desco Vitroglaze of Schenectady Inc.*, 285 A.D.2d 926, 927, 727 N.Y.S.2d 814, 816 (3d Dept. 2001) ("a party's admission **to the essential terms** and actual existence of the alleged oral contract is sufficient to take the agreement outside the scope of the Statute of Frauds.") (emphasis supplied); *Gregorious Bellos v. Matsos Contracting Corp.*, 2004 WL 3203601 at *1 (Sup. Ct. Queens Co. Nov. 17, 2004) ("defendant's admission of the existence and **essential terms** of the oral agreement would be sufficient to take the agreement outside the scope of the Statute of Frauds") (internal quotations omitted, emphasis supplied).

[3] *See Crabtree v. Elizabeth Arden Sales Corporation*, 305 N.Y. 48, 56, 110 N.E.2d 551, 554 (1953) ("**at least one writing**, the one establishing a contractual relationship between the parties, **must bear the signature of the party to be charged**, while the unsigned document must on its face refer to the same transaction as that set forth in the one that was signed ....") (emphasis supplied); *West-Herr Ford, Inc. v. Tax Appeals Tribunal of State of New York*, 16 A.D.3d 727, 729, 791 N.Y.S.2d 193, 195 (3d Dept. 2005) ("the essential holding in *Crabtree* and its progeny is that terms of an agreement that were not included **in a signed writing** will be enforced despite the statute of frauds where those terms can be found in an unsigned writing prepared by the party to be charged ..."); *Denton v. Clove Valley Rod & Gun Club, Inc.*, 95 A.D.2d 844, 845, 464 N.Y.S.2d 203, 204 (2d Dept. 1983) (documents proffered included "minutes of defendant's **corporate meetings signed by an officer**") (emphasis supplied); *Church of God of Prospect Plaza v. Fourth Church of Christ, Scientist, of Brooklyn*, 76 A.D.2d 712, 715, 431 N.Y.S.2d 834, 837 (2d Dept. 1980) (documents proffered included "**signed corporate minutes of the defendant**") (emphasis supplied), *aff'd*, 54 N.Y.2d 742, 442 N.Y.S.2d 986 (1981); *Monadnock Cutlery Co. v. Bernard Wasser, Inc.*, 35 Misc.2d 162, 163, 232 N.Y.S.2d 196, 196 (Sup. Ct. App. Term 1st Dept. 1962) ("there may be more than one memorandum ... **one of which is required to be signed**") (emphasis supplied).

*Honorable Leonard B. Sand, U.S.D.J.*     - 4 -     *September 27, 2007*

      For these reasons, and those previously set forth in the Memorandum of Law in Support of Defendants' Motion to Dismiss dated July 20, 2007 and the Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss dated September 17, 2007, plaintiff's Complaint should be dismissed in its entirety.

      Respectfully,

      Debra A. Karlstein

cc:    Jared B. Stamell, Esq. (by e-mail/pdf)
       David Bowles, Esq. (by e-mail/pdf)