UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EXPORTACIONES DEL FUTURO  :
S.A. DE C.V.,             :
                          :
            Plaintiff,    :
                          :
                          :         **MEMORANDUM AND ORDER**
                          :         07 Civ 4145 (LBS)
       v.                 :
                          :
ICONIX BRAND GROUP INC. and  :
IP HOLDINGS, LLC,         :
                          :
            Defendants.   :
------------------------------------------------------------x

SAND, J.,

Before the Court is a request by the plaintiff, pursuant to Rule 59(e), seeking reconsideration of the Court's October 10, 2007 Opinion, see Exportaciones del Futuro S.A. de C.V. v. Iconix Brand Group, Inc., 2007 U.S. Dist. LEXIS 75767 (S.D.N.Y. October 10, 2007) (hereafter the "Opinion"). In our Opinion, the Court granted defendants' motion to dismiss. Plaintiff also seeks leave to amend its complaint.

The facts underlying this litigation are set forth in our prior opinion. See Exportaciones, 2007 U.S. Dist. LEXIS 75767 at *1-3.

For the reasons set forth below, the motion for reconsideration is granted and upon reconsideration we adhere to our prior conclusions. Plaintiff's request to amend its complaint is granted.

I.  STANDARD

Motions for reconsideration pursuant to Rule 59(e) "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391-2 (S.D.N.Y. 2000).

A motion for reconsideration "allows a party to direct the court to an argument the party has previously raised but the court has overlooked." Perez v. N.Y. Presbyterian Hosp., 05 Civ. 5749, 2006 U.S. Dist. LEXIS 27318, *2 (S.D.N.Y. April 14, 2006).  It is appropriate only where the movant demonstrates that "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court."  Nakano v. Jamie Sadock, Inc., 98 Civ. 0515, 2000 U.S. Dist. LEXIS 10158, *4 (S.D.N.Y.  July 20, 2000) (quoting Yurman Design Inc. v. Chaindom Enter., Inc., No. 99 Civ. 9307, 2000 U.S. Dist. LEXIS 1747, *1 (S.D.N.Y. Feb. 22, 2000).  A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Taggart v. Moody's Investors Serv., 06 Civ. 3388, 2007 U.S. Dist. LEXIS 71254, *1 (S.D.N.Y. Sept. 26, 2007); In re Health Management Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

II. PLAINTIFF'S TORIOUS INTERFERENCE CLAIMS

Plaintiff argues that its second and third claims for relief were not clearly dismissed in this Court's Opinion, and requests that the Opinion be amended to state the reasons for which the Court dismissed the second and third causes of action.  First, the Court notes that "all claims" against the defendants were dismissed in its previous Opinion.  See Exportaciones, 2007 U.S. Dist. LEXIS 75767 at *12.  However, to the extent that the Court's prior decision was unclear, the reasons for dismissing plaintiff's second and third causes of action are outlined below.

    A.  Tortious Interference with Contract

Plaintiff's second claim, alleging tortuous interference with contract, requires the existence of a Contract.  See Riddell Sports Inc. v. Brooks, 872 F. Supp. 73, 77 (S.D.N.Y. 1995) ("In order to state a claim for tortious interference with contract under New York law, a party must allege (1) the existence of a valid contract between itself and a third party for a specific term; (2) defendant's knowledge of that contract; (3) defendant's intentional procuring of its breach; and (4) damages") (internal quotation marks omitted).  "The existence of a valid contract is an essential element of the cause of action, and the courts have consistently rejected claims of tortious interferences in its absence." Mobile Data Shred, Inc. v. United Bank of Switzerland, No. 99-CV-10315, 2000 U.S. Dist. LEXIS 4252, 2000 WL 351516, at *7 (S.D.N.Y. Apr. 5, 2000).  In its Opinion, the Court found that no contract had been formed under the Second Circuit's Adjustrite factors, and that the contract that Plaintiff claimed had been formed was barred by the Statute of Frauds.  See Exportaciones, 2007 U.S. Dist. LEXIS 75767 at *4-11.  Thus, Plaintiff's tortious interference with contract claim was dismissed because a valid contract between

the parties had not been formed – the same reason that plaintiff's breach of contract claim was dismissed.

    B.  <u>Tortuous Interference with Prospective Business Advantage</u>

Plaintiff's third cause of action, for interference with prospective business advantage, is simply inappropriate for the facts of this case.  Tortious interference with prospective business advantage requires a plaintiff to show "(1) business relations with a third party; (2) defendants' interference with those business relations; (3) defendants acted with the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means; and (4) injury to the relationship." <u>Purgess v. Sharrock</u>, 33 F.3d 134, 141 (2d Cir. 1994).  The tort is "a difficult one to sustain, with requirements more demanding that those for interferences with [the] performance of an existing contract." <u>PKG Group, LLC v. Gamma Croma S.p.A.</u>, 446 F. Supp. 2d 249, 251 (S.D.N.Y. 2006).  Wrongful means include "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure." <u>Camp Summit of Summitville, Inc. v. Visinski</u>, 6-CV-4994 (CM) (GAY), 2007 U.S. Dist. LEXIS 28496, at *43 (S.D.N.Y. April 16, 2007).   "In all but the most egregious circumstances, dishonest, unfair, or improper means must amount to misconduct that constitutes either a crime or an independent tort." See <u>Carvel Corp. v. Noonan</u>, 3 N.Y.3d 182, 190-91, 818 N.E.2d 1100, 785 N.Y.S.2d 359 (2004).  None of the allegations in plaintiff's complaint suffice to demonstrate that the defendants used wrongful means.  See <u>PKG Group</u>, 446 F. Supp. 2d at 251 (holding that "simply reciting conclusory words like 'dishonest, unfair, or improper means,'" is insufficient to properly allege tortious interference with prospective business advantage).

III. PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT

Finally, plaintiff requests leave to amend the complaint to allege that "the contract that Defendants signed was in writing and contained all the terms of the contract." (Pl.'s letter dated October 25, 2007). Defendants argue that plaintiff has no good faith basis to amend the complaint in this manner. The original complaint did not allege that the defendants had signed the contract. Plaintiff's justification for this new allegation, as alluded to in plaintiff's response to defendants' motion to dismiss, is that defendants' counsel declined to respond to discovery requests on this issue.

Although Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend 'shall be freely given when justice so requires,' "it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Id. The Court agrees with defendants that if plaintiff had a good faith basis that defendants had signed the contract, and not delivered it, it would have alleged such a claim in its original complaint. However, defendants have left themselves open to this allegation by refusing to answer the interrogatories served by plaintiff. This is not a case where years have passed since the filing of the complaint, nor is it one where the parties have already completed all fact and expert discovery. However tenuous, plaintiff's requested amendments do not appear to be completely futile or made in bad faith, or to cause undue delay or prejudice to the opposing party.[1] Plaintiff's request for leave to amend their complaint is therefore granted.

---

[1] The defendants also contend that the contract would be barred by the Statute of Frauds, even if signed, because it was never delivered. The question of whether delivery is required to satisfy the statute of frauds

5

V. CONCLUSION

For the reasons stated above, plaintiff's motion for reconsideration is DENIED. Plaintiff's motion for leave to amend its complaint is GRANTED.

SO ORDERED.

Dated:    New York, New York

November 6, 2007

_____

U.S.D.J.

---

depends on the circumstances and on the substance of the contract itself, and thus the Court cannot say at this juncture that the lack of delivery of the contract makes plaintiff's amendments futile. See Transit Advertisers, Inc. v. New York, N. H. & H. R. Co., 194 F.2d 907, 910 (2d Cir. 1952) ("Delivery of the signed memorandum is not necessary to make it effective as evidence of the previous oral contract unless, by its terms, the oral contract is not to be consummated until a memorandum has been delivered.").