UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EXPORTACIONES DEL FUTURO S.A. DE C.V., :
                                  :
                    Plaintiff,      :     Docket No. 07 Civ 4145
     - against -          :
                                    :
ICONIX BRAND GROUP INC. and    :
IP HOLDINGS, LLC,            :
                                    :
                Defendants.   :
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO STRIKE AND/OR DISMISS

SPEARS & IMES LLP
51 Madison Avenue, 25th floor
New York, New York 10010
Tel: (212) 213-1715
Fax: (212) 213-0849

*Attorneys for Defendants Iconix
Brand Group, Inc. and IP Holdings LLC*

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

PROCEDURAL HISTORY ............................................................................................ 1

THE AMENDED COMPLAINT ................................................................................... 3

ARGUMENT................................................................................................................. 5

I.    THE AMENDED COMPLAINT MUST BE STRICKEN OR DISMISSED FOR
      FAILURE TO COMPLY WITH THIS COURT'S PRIOR ORDER.................................... 5

II.   PLAINTIFF'S SECOND, THIRD AND FOURTH CLAIMS FAIL TO STATE A
      CLAIM UPON WHICH RELIEF MAY BE GRANTED ...................................................... 8

      A.    The Amended Complaint Still Fails to State a Claim for Interference with
            IP's Contract Because Iconix is Privileged to Interfere with the Contractual
            Relationships of its Wholly-Owned Subsidiary ............................................... 8

      B.    The Amended Complaint Fails to State a Claim for Injurious Falsehood ....................... 11

            1.    Plaintiff Does Not Allege the Essential Elements With the Requisite
                  Particularity ............................................................................................. 11

            2.    The Claim is Time Barred .................................................................. 14

      C.    The Amended Complaint Does Not Allege the Elements of a Quantum
            Meruit Claim.......................................................................................... 17

CONCLUSION ............................................................................................................. 18

## TABLE OF AUTHORITIES

**Federal Cases:**

*Antonios A. Alevizopoulos and Associates, Inc. v. Comcast Intern. Holdings, Inc.*,
    100 F.Supp.2d 178 (S.D.N.Y. 2000) ...................................................................................10

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007)..................................8

*Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1999 WL 672302 (S.D.N.Y.
    Aug. 27, 1999)..........................................................................................................................15

*Batiste v. City of Emeryville*, 2004 WL 1811158 (N.D. Cal. July 28, 2004), *aff'd*, 2005 WL
    1939889 (9th Cir. Aug. 15, 2005)..............................................................................................6

*Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955 (2007) ....................................................8, 10

*Berwick v. New World Network Intern., Ltd.*, 2007 WL 949767 (S.D.N.Y. Mar. 28, 2007) ............11

*Campbell v. Potter*, 2005 WL 2660380 (E.D. Pa. Oct. 17, 2005)......................................................6

*Conocophillips v. 261 East Merrick Road Corp.*, 428 F.Supp.2d 111 (E.D.N.Y. 2006) ..................10

*Ello v. Singh*, 2007 WL 3396483 (S.D.N.Y. Nov. 13, 2007)............................................................8

*Henneberry v. Sumitomo Corp. of America*, 2005 WL 991772 (S.D.N.Y. Apr. 27, 2005) ..............12

*Henneberry v. Sumitomo Corp. of America*, 415 F.Supp.2d 423 (S.D.N.Y. 2006) ..........................12

*Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95 (S.D.N.Y. 1985)........................................................7

*Jewell v. Capital Cities/ABC, Inc.*, 1998 WL 702286 (S.D.N.Y. Oct. 7, 1998)...............................16

*Jews for Jesus, Inc. v. Jewish Community Relations Council of New York, Inc.*, 968 F.2d 9
    286 (2d Cir. 1992) .....................................................................................................................9

*Kasada, Inc. v. Access Capital, Inc.*, 2004 WL 2903776 (S.D.N.Y. Dec. 14, 2004).......................14

*Kuntz v. New York State Bd. of Elections*, 924 F.Supp. 364 (N.D.N.Y. 1996), *aff'd*,
    113 F.3d 326 (2d Cir. 1997) ......................................................................................................6

*Mapinfo Corp. v. Spatial Re-Engineering Consultants*, 2006 WL 2811816 (N.D.N.Y.
    Sept. 28, 2006).........................................................................................................................12

*Nordco, A.S. v. Ledes*, 1999 WL 1243883 (S.D.N.Y. Dec. 21, 1999) .............................................14

*Nyitray v. Johnson*, 1998 WL 67651 (S.D.N.Y. Feb. 19, 1998), *aff'd*, 166 F.3d 1201
    (2d Cir. 1998) ...................................................................................................12-13

*O'Brien v. Alexander*, 898 F.Supp. 162 (S.D.N.Y. 1995), *aff'd*, 101 F.3d 1479
    (2d Cir. 1996) ........................................................................................................14

*Pantazis v. Fior D'Italia, Inc.*, 1994 WL 519469 (N.D. Cal. Sept. 20, 1994) .................................6

*Polycast Technology Corp. v. Uniroyal, Inc.*, 1992 WL 123185 (S.D.N.Y. May 28, 1992) ...........16

*Pruiss v. Bosse*, 912 F.Supp. 104 (S.D.N.Y. 1996).........................................................................16

*Purnell v. Diesso*, 1996 WL 37770 (S.D.N.Y. Jan. 31, 1996) ......................................................15-16

*Record Club of America, Inc. v. United Artists Records, Inc.*, 611 F.Supp. 211
    (S.D.N.Y.1985)......................................................................................................10

*Rawlins v. M&T Mortg. Corporations*, 2005 WL 2143334 (S.D.N.Y. Sept. 1, 2005) .....................17

*Rice v. Scudder Kemper Investments, Inc.*, 2003 WL 21961010 (S.D.N.Y. Aug. 14, 2003),
    *aff'd*, 2006 WL 2668850 (2d Cir. Sept. 18, 2006)...................................................6

*Rogers v. HSN Direct Joint Venture*, 1999 WL 595533 (S.D.N.Y. Aug. 6, 1999) ..........................17-18

*U.F.C.W. Local 56 Health and Welfare Fund v. J.D.'s Market*, 240 F.R.D. 149
    (D.N.J. 2007) ...........................................................................................................5

*United States v. The Baylor University Medical Center*, 469 F.3d 263 (2d Cir. 2006) ...................15

*White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 460 F.3d 281 (2d Cir. 2006).......................8, 10

## New York State Cases:

*Alexander & Alexander of New York Inc. v. Fritzen*, 114 A.D.2d 814, 495 N.Y.S.2d
    386 (1st Dept. 1985), *aff'd*, 68 N.Y.2d 968, 510 N.Y.S.2d 546 (1986) ...............11

*Absher Const. Corp. v. Colin*, 233 A.D.2d 279, 649 N.Y.S.2d 174 (2d Dept. 1996) ......................17

*CDR Creances S.A. v. Euro-American Lodging Corp.*, 40 A.D.3d 421, 837 N.Y.S.2d
    609 (1st Dept. 2007) ..............................................................................................10

*Continental Air Ticketing Agency, Inc. v. Empire Intern. Travel, Inc.*. 51 A.D.2d 104,
    380 N.Y.S.2d 369 (4th Dept. 1976)........................................................................13

*DiCosomo v. Getzoff*, 2005 WL 3863699 (Sup. Ct. Westchester Co. Sept. 20, 2005)......................13

*E.F. Hutton Intern. Assoc. Ltd. v. Shearson Lehman Brothers Holdings, Inc.*, 281 A.D.2d
    362, 723 N.Y.S.2d 161 (1st Dept. 2001) ............................................................10-11

*Entertainment Partners Group, Inc. v. Davis*, 198 A.D.2d 63, 603 N.Y.S.2d 439
    (1st Dept. 1993) ...........................................................................................14

*Felsen v. Sol Café Mfg. Corp.*, 24 N.Y.2d 682, 301 N.Y.S.2d 610 (1969) ......................................10

*Foster v. Churchill*, 87 N.Y.2d 744, 642 N.Y.S.2d 583 (1996) .......................................................8

*Gersh v. Kaspar & Esh, Inc.*, 11 A.D.2d 1005, 206 N.Y.S.2d 510 (1st Dept. 1960)...............13

*Gilliam v. Richard M. Greenspan, P.C.*, 17 A.D.3d 634, 793 N.Y.S.2d 526 (2d Dept. 2005).........12

*Hirsch v. Food Resources, Inc.*, 24 A.D.3d 293, 808 N.Y.S.2d 618 (1st Dept. 2005)......................10

*Israel v. Wood Dolson Co.*, 1 N.Y.2d 116, 151 N.Y.S.2d 1 (1956) ..................................................8

*Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d
    103, 744 N.Y.S.2d 384 (1st Dept. 2002) ..............................................................9

*Kevin Spence & Sons, Inc. v. Boar's Head Provisions Co., Inc.*, 5 A.D.3d 352, 774
    N.Y.S.2d 56 (2d Dept. 2004)..............................................................................11

*L.W.C. Agency, Inc. v. St. Paul Fire and Marine Ins. Co.*, 125 A.D.2d 371, 509 N.Y.S.2d
    97 (2d Dept. 1986)..........................................................................................13

*Landcom, Inc. v. Galen-Lyons Joint Landfill Com'n*, 259 A.D.2d 967, 687 N.Y.S.2d
    841 (4th Dept. 1999)........................................................................................18

*Metropolitan Steel Industries, Inc. v. Citnalta Const. Corp.*, 302 A.D.2d 233, 754
    N.Y.S.2d 278 (1st Dept. 2003) ..........................................................................18

*Newport Service & Leasing, Inc. v. Meadowbrook Distributing Corp.*, 18 A.D.3d 454,
    794 N.Y.S.2d 426 (2d Dept. 2005)......................................................................11

*Priore v. New York Yankees*, 307 A.D.2d 67, 761 N.Y.S.2d 608 (1st Dept. 2003) .........................17

*Rall v. Hellman*, 284 A.D.2d 113, 726 N.Y.S.2d 629 (1st Dept. 2001) ..........................................12

*Rosenberg v. Home Box Office, Inc.*, 33 A.D.3d 550, 822 N.Y.S.2d 921 (1st Dept. 2006)..............12

*Stanton v. Carrara*, 28 A.D.3d 642, 813 N.Y.S.2d 515 (2d Dept. 2006)........................................12

*Wasserman v. Maimonides Medical Center*, 268 A.D.2d 425, 702 N.Y.S.2d 88
(2d Dept. 2000)......................................................................................................12

*Waste Distillation Technology, Inc. v. Blasland & Bouck Engineers, P.C.*, 136 A.D.2d 633,
523 N.Y.S.2d 875 (2d Dept. 1988)...................................................................13, 14

**<u>Other Authorities:</u>**

Civil Practice Law and Rules§ 215(3)...............................................................................14

Federal Rule of Civil Procedure 12(b)(6)......................................................................1, 18

Federal Rule of Civil Procedure 12(f) .........................................................................1, 5, 18

Federal Rule of Civil Procedure 15(a).........................................................................1, 5, 18

Federal Rule of Civil Procedure 15(c)(2) ........................................................................15

6A Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1497 (2d ed. 2006)....................15

**INTRODUCTION**

Defendants Iconix Brand Group Inc. ("Iconix") and its wholly-owned subsidiary, IP Holdings LLC ("IP"), move to strike and/or dismiss the November 19, 2007 Amended Complaint ("Amended Complaint" or "Am. Compl.") served by plaintiff Exportaciones del Futuro S.A. de C.V.

This Court previously dismissed plaintiff's original complaint alleging, *inter alia*, breach of an unsigned licensing agreement; thereafter, the Court granted plaintiff leave to amend in order to include a limited set of specified allegations relating solely to defendants' purported execution and retention of the parties' agreement. However, the amended pleading contains additional factual allegations and asserts brand new causes of action – for injurious falsehood and quantum meruit (the new Third and Fourth Claims for Relief) – with respect to which leave to amend was neither sought nor granted. The new claims should be stricken or dismissed.

Further, the new claims fail to state a claim upon which relief may be granted, and plaintiff's cause of action for interference with contract still fails to state a claim for reasons previously set forth in defendants' prior motion to dismiss.

For these reasons, discussed more fully below, plaintiff's Second, Third and Fourth Claims for Relief must be stricken or dismissed pursuant to Rules 12(b)(6), 12(f) and/or 15(a).

**PROCEDURAL HISTORY**

Plaintiff commenced this action with a Summons and Complaint dated May 24, 2007 ("Original Complaint") alleging breach of contract (First Claim for Relief), interference with contract (Second Claim for Relief), and interference with prospective business advantage (Third Claim for Relief). *See* Karlstein Dec.[1] Exhibit A. The Original Complaint never alleged that

---

[1] Citations to "Karlstein Dec." refer to the accompanying Declaration of Debra A. Karlstein, Esq., with exhibits, dated December 3, 2007.

either defendant signed the licensing agreement negotiated by the parties, and the copy annexed and incorporated therein was signed only by plaintiff. On July 20, 2007, defendants moved to dismiss the Original Complaint on the ground that plaintiff failed to state a cause of action, and that the contract claims were barred by the Statute of Frauds.

By Memorandum and Order dated October 10, 2007 ("Dismissal Order"), this Court granted defendants' motion to dismiss in its entirety. *See* Karlstein Dec. Exhibit B. The Court found that there was no enforceable contract because the parties did not intend to be bound prior to formal execution of a written contract, and that the unsigned agreement was also barred by the Statute of Frauds. *Id.* at 3-8. On October 11, 2007, the Clerk of Court entered a Judgment dismissing all claims against defendants for the reasons set forth in the Dismissal Order.

By letter dated October 25, 2007 ("Reconsideration Motion"), plaintiff sought reconsideration of the Dismissal Order and leave to replead. *See* Karlstein Dec. Exhibit C. In particular, plaintiff requested leave to amend its Original Complaint in order to add the following limited factual allegations specified in the Reconsideration Motion:

1)  Defendants signed the contract between the parties;

2)  The contract was the execution copy and defendants kept it;

3)  The contract that Defendants signed was in writing and contained all of the terms of the contract ....

Reconsideration Motion at p. 1.

The proposed amended complaint, which plaintiff annexed as Exhibit C to its Reconsideration Motion, was a red-lined version of the Original Complaint, with the following allegations added:

2

26. On or about October 9, 2006, Defendants executed the Agreement.

27. Defendants kept the fully-executed Agreement in their files, and did not return a copy of the fully-executed version to Plaintiff.

28. The fully-executed Agreement contained all the terms of the agreement between the parties.

Reconsideration Motion at Exhibit C, pp. 4-5.

By Memorandum and Order dated November 6, 2007 ("Amendment Order"), the Court granted plaintiff "leave to amend the complaint **to allege that 'the contract that Defendants signed was in writing and contained all the terms of the contract.'** (Pl.'s letter dated October 25, 2007)." *See* Karlstein Dec. Exhibit D at 5 (emphasis supplied). Plaintiff never sought, and the Court never granted, leave to amend in order to assert any additional claims or new factual allegations other than those set forth above relating to defendants' purported execution of the parties' agreement.

Nonetheless, plaintiff's November 19, 2007 Amended Complaint contains two brand new claims, for Injurious Falsehood and Quantum Meruit. *See* Karlstein Dec. Exhibit E at 7. In addition, the Amended Complaint contains new factual allegations that did not appear either in plaintiff's Original Complaint or the proposed Amended Complaint annexed to its Reconsideration Motion. *See, e.g., id.* at ¶¶ 30, 34-36.

## THE AMENDED COMPLAINT

Defendants Iconix and IP own the trademark "Mudd". Am. Compl. at ¶ 6, Original Complaint at ¶¶ 11, 13. The Amended Complaint alleges that, in early 2006, plaintiff entered into an oral agreement with defendants to determine whether it would be profitable to exploit the "Mudd" brand in Mexico.[2] Am. Compl. at ¶ 9. Purportedly in furtherance of that alleged oral

---

[2] Although defendants deny having entered any such oral agreement, we accept as true for purposes of this motion to dismiss the facts alleged in the Amended Complaint.

3

agreement, plaintiff's principal, Joseph Gershon, traveled around Mexico to determine potential

markets for products carrying the Mudd trademark, met and negotiated with potential

manufacturers and distributors of Mudd products, and traveled to Mexico with a representative

of defendants to meet with a denim manufacturer, Futuro Exports. *Id.* at ¶¶ 10-11.

Gershon concluded that it would be profitable to sell Mudd goods in Mexico. The parties

therefore negotiated towards a formal, written agreement that would have granted plaintiff an

exclusive license to manufacture, market and distribute the Mudd line of fashion clothing in

Mexico. The term was more than three years, with an option for plaintiff to renew for an

additional three year period. Am. Compl. at ¶¶ 14-19.

Plaintiff signed and returned a copy of the agreement. Although the draft of the

agreement attached as an exhibit is signed only by plaintiff, the Amended Complaint alleges that

defendants signed and kept a copy in their files. Am. Compl. at ¶¶ 20, 23-25.

Within days, defendants verbally advised plaintiff that they did not wish to proceed;

thereafter, defendants sent written confirmation that they would not return a signed agreement

and that Gershon should not hold himself out as having a relationship with defendants. Am.

Compl. at ¶¶ 29-30; Original Complaint at ¶ 33. The Amended Complaint alleges that

defendants thereafter entered into an exclusive license agreement for distribution of the Mudd

line in Mexico with Future Exports, a manufacturer with whom Gershon had previously met.

Am. Compl. at ¶¶ 31-33.

Plaintiff alleges – for the very first time in its Amended Complaint – that it entered into

an agreement with Daniel Araf for the manufacture of Mudd products in reliance on some

unspecified statements purportedly made by defendants. The Amended Complaint further

asserts that plaintiff suffered monetary damages when it was forced to cancel the Araf

4

agreement, and that Mexican companies including Araf, Comercial Mexicana, and Coppel Stores have refused to do business with plaintiff following defendants' alleged repudiation of the parties' agreement. Am. Compl. at ¶¶ 34-36.

The Amended Complaint contains four claims: breach of contract based on defendants' purported repudiation and breach of the licensing agreement (First Claim for Relief), Am. Compl. at ¶¶ 37-39; Iconix' purported tortious interference with the alleged contract between IP and plaintiff (Second Claim for Relief), *id.* at ¶¶ 40-45; injurious falsehood based on defendants' purported publication of allegedly false information about plaintiff (Third Claim for Relief), *id.* at ¶¶ 46-49; and quantum meruit as compensation for services allegedly performed by plaintiff at defendants' request (Fourth Claim for Relief), *id.* at ¶¶ 50-52. Of these four claims, two – the Third and Fourth –are brand new, not having appeared in the Original Complaint.

## ARGUMENT

## I. THE AMENDED COMPLAINT MUST BE STRICKEN OR DISMISSED FOR FAILURE TO COMPLY WITH THIS COURT'S PRIOR ORDER

Rule 15(a) requires a party to seek and obtain leave of court before filing an amended complaint.[3] When an amended pleading that exceeds the scope of the leave granted, the Court may either dismiss or strike the new material, pursuant to Rule 15(a) and/or Rule 12(f).[4] *See, e.g., U.F.C.W. Local 56 Health and Welfare Fund v. J.D.'s Market*, 240 F.R.D. 149, 154 (D.N.J. 2007) (dismissing new claims pursuant to Rule 15(a) and Rule 12(f) and holding that "where a plaintiff's amended complaint exceeds the scope of an allowed amendment ... the failure to seek the required leave of court when adding a new allegation is grounds for striking that allegation")

---

[3] A party may only amend without leave of court before a responsive pleading is served or within twenty days if no responsive pleading is required, Rule 15(a), neither of which is the case here.

[4] Rule 12(f) states that "the court may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter."

(omitting internal quotations and citations); *Campbell v. Potter*, 2005 WL 2660380 at *2

(E.D.Pa. Oct. 17, 2005) (dismissing "totally new claims, which clearly exceed the scope of the

Court's grant of leave to amend"); *Batiste v. City of Emeryville*, 2004 WL 1811158 at *3

(N.D.Cal. July 28, 2004) (dismissing new allegations which, *inter alia*, "exceed the scope of the

leave to amend that this Court granted"), *aff'd*, 2005 WL 1939889 (9th Cir. Aug. 15, 2005); *Rice*

*v. Scudder Kemper Investments, Inc.*, 2003 WL 21961010 at *2 (S.D.N.Y. Aug. 14, 2003)

(Carter, J.) ("court retains the power to strike those amendments that fall outside of the court's

granted leave."), *aff'd*, 2006 WL 2668850 (2d Cir. Sept. 18, 2006); *Kuntz v. New York State Bd.*

*of Elections*, 924 F.Supp. 364, 367-68 (N.D.N.Y. 1996) (striking amended complaint under Rule

12(f) with the exception of "those amendments expressly contemplated and permitted by the

Court's earlier order"), *aff'd*, 113 F.3d 326 (2d Cir. 1997); *Pantazis v. Fior D'Italia, Inc.*, 1994

WL 519469 at *8 (N.D.Cal. Sept. 20, 1994) (dismissing claim, *inter alia*, for exceeding scope of

leave to amend).

     In a case virtually indistinguishable from this one, Judge Tenney granted a motion to

strike portions of a complaint that failed to comply with the order granting leave to amend,

stating as follows:

> The defendants contend that after the Court granted the plaintiff's motion to amend its complaint, the plaintiff improperly amended the complaint in a manner which had not been approved by the Court. Specifically, the defendants object to the plaintiff's present assertion of a claim for punitive damages, on the ground that the plaintiff did not obtain the Court's permission to do so as required by Rule 15(a). The defendants argue that the punitive damages claim should therefore be stricken. The Court agrees.

> Rule 15(a) provides that, under the circumstances which were present in this case, "a party may amend his pleading only by leave of the court." Although the pleading rules should be applied liberally, leave to amend will not be granted if there is bad faith, undue delay, or undue prejudice to the opposing party. The decision of whether to grant leave to amend a complaint is firmly committed to the discretion of the trial court.

\* \* \*

> In its motion of July 23, 1983, the plaintiff requested permission to amend its complaint pursuant to Rule 15(a). In granting the plaintiff's motion, the Court set forth the parameters of the amendment that would be permitted ....

> The Court granted the plaintiff's motion in order to permit the plaintiff to pursue claims of secondary liability. In granting the motion, the Court did not give the plaintiff the right to amend the complaint to assert claims that had never before been raised by the plaintiff or considered by the Court. In making its motion to amend, the plaintiff did not request the right to add a punitive damages claim, nor was there any reason for the Court to believe that such a request would be forthcoming ....

> In light of the fact that the plaintiff did not request or receive permission to assert a claim for punitive damages in its amended complaint, the Court grants the defendants' motion to strike that claim ....

*Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 97-98 (S.D.N.Y. 1985) (internal citations omitted).

In this case, this Court's Amendment Order **only** authorized plaintiffs to add a limited, specified set of allegations concerning defendants' purported execution and retention of the parties' agreement. *See* Karlstein Aff. at Exhibit D. Plaintiff never sought, and the Court never granted, leave to amend in order to assert new claims for relief or to add any other factual allegations. Nonetheless, as set forth above, the Amended Complaint contains additional claims for injurious falsehood or quantum meruit, as well as new factual allegations regarding plaintiff's contract with Daniel Araf and the companies that allegedly will no longer do business with plaintiff as the purported result of defendants' decision not to proceed with the agreement. Am. Comp. at ¶¶ 34-36, 46-52.

Because the new material in the Amended Complaint plainly exceeds the permission granted by this Court's Amendment Order, the new Third and Forth Claims and the factual allegations in ¶¶ 34-36, should be stricken and/or dismissed.

7

## II.     PLAINTIFF'S SECOND, THIRD AND FOURTH CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

"To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955 (2007)). "[W]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ello v. Singh*, 2007 WL 3396483 at *3 (S.D.N.Y. Nov. 13, 2007) (Karas, J.) (internal quotations omitted) (*quoting Bell Atlantic v. Twombly*, 127 S.Ct. at 1964-65). "[F]actual allegations must be enough to raise a right to relief above the speculative level ...." *Ello v. Singh*, 2007 WL 3396483 at *3 (*quoting Bell Atlantic v. Twombly*, 127 S.Ct. at 1965).

## A.  The Amended Complaint Still Fails to State a Claim for Interference with IP's Contract Because Iconix is Privileged to Interfere with the Contractual Relationships of its Wholly-Owned Subsidiary

The Second Claim for Relief, entitled "Interference with Contract by Iconix," alleges that parent company Iconix caused its wholly-owned subsidiary, IP, to breach and repudiate a purported agreement with plaintiff. Am. Compl. at ¶¶ 40-45. In order to establish tortious interference with an existing contract, a plaintiff must plead and prove "(1) the existence of a valid contract between plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach, and (4) damages." *White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 460 F.3d 281, 285 (2d Cir. 2006) (*citing Foster v. Churchill*, 87 N.Y.2d 744, 749-50, 642 N.Y.S.2d 583, 586 (1996); *Israel v. Wood Dolson Co.*, 1 N.Y.2d 116, 120, 151 N.Y.S.2d 1, 5 (1956)).

This Court previously dismissed plaintiff's claim for interference with contract on the ground that "a valid contract between the parties had not been formed – the same reason that plaintiff's breach of contract claim was dismissed." *See* Amendment Order at 3-4. Because the Amended Complaint now contains allegations suggesting that defendants had in fact signed the parties' agreement, plaintiff will presumably contend that claim for interference with contract should be reinstated along with its claim for breach.

However, even assuming *arguendo* that the Amended Complaint adequately alleges a valid contract, the tortious interference claim fails for a second, independent reason argued by defendants in their prior motion to dismiss[5]: plaintiff's failure to allege that IP's decision not to sign the agreement and Iconix' purported interference lacked justification. *See Jews for Jesus, Inc. v. Jewish Community Relations Council of New York, Inc.*, 968 F.2d 286, 292 (2d Cir. 1992) ("To maintain a successful cause of action for tortious interference with contract under New York law, a plaintiff must allege and prove the existence of a valid contract and damages caused by the defendant's knowing and intentional interference with that contract **without reasonable justification**.") (emphasis supplied); *Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 107, 744 N.Y.S.2d 384, 388 (1st Dept. 2002) ("even if plaintiff could make out a breach of contract by Boxing, the complaint fails to allege why the termination of Boxing's contractual obligation to plaintiff is **without economic justification**.") (emphasis supplied).

Twice, plaintiff has failed to plead facts indicating that Iconix' purported interference with IP's alleged contract lacked reasonable justification. Moreover, plaintiff is not able to allege – and cannot possibly prove – lack of economic justification in light of the undisputed fact

---

[5] *See* Memorandum of Law in Support of Defendants' Motion to Dismiss dated July 20, 2007, at 16-18; Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss dated September 17, 2007, at 6-7.

that IP is a wholly-owned subsidiary of Iconix. *See* Original Complaint at ¶ 11 ("Defendant IP is

a limited liability company wholly owned and controlled by Iconix."); *id.* at ¶ 13 ("Iconix

controls IP …").[6]  In that regard, "one who has a financial interest in the business of another is

privileged to interfere with a contract between the other and a third party if his purpose is to

protect his own interests and if he does not employ improper means."[7]  *Conocophillips v. 261*

*East Merrick Road Corp.*, 428 F.Supp.2d 111, 123 (E.D.N.Y. 2006) (*citing Record Club of*

*America, Inc. v. United Artists Records, Inc.*, 611 F.Supp. 211, 217 (S.D.N.Y.1985); *Felsen v.*

*Sol Café Mfg. Corp.*, 24 N.Y.2d 682, 687, 301 N.Y.S.2d 610, 613 (1969)).  While the New York

courts have applied the economic interest doctrine in "an inconsistent manner," *White Plains*

*Coat & Apron v. Cintas*, 460 F.3d at 286, even under a narrow construction "a corporate parent

is privileged to interfere with the contractual relationships of its subsidiaries." *Id.* (*quoting*

*Conocophillips v. 261 East Merrick Road*, 428 F.Supp.2d at 123) (emphasis supplied).

Because plaintiff fails to allege that Iconix acted without economic justification, the

tortious interference claim is insufficient to survive a motion to dismiss. *See, e.g., Hirsch v.*

*Food Resources, Inc.*, 24 A.D.3d 293, 297, 808 N.Y.S.2d 618, 622 (1st Dept. 2005) (tortious

interference claim "deficient because, as holder of 83 1/3% of Food Resources' shares,

[defendant] was also acting as an owner with an economic interest; absent allegations of malice

or fraudulent or illegal means, no liability lies against him."); *E.F. Hutton Intern. Assoc. Ltd. v.*

---

[6]  Plaintiff omits from its Amended Complaint the allegations establishing that IP is a wholly-owned subsidiary of Iconix, presumably in an effort to avoid the privilege afforded to corporate parents.

[7]  Plaintiff does not allege any facts indicating that Iconix used wrongful means.  The conclusory allegation that Iconix' interference was "improper" is wholly inadequate to state a claim.  *See, e.g., Antonios A. Alevizopoulos and Associates, Inc. v. Comcast Intern. Holdings, Inc.*, 100 F.Supp.2d 178, 186 (S.D.N.Y. 2000) (Scheindlin, J.) ("pleadings may not be conclusory as the law requires some factual specificity in pleading tortious interference."); *CDR Creances S.A. v. Euro-American Lodging Corp.*, 40 A.D.3d 421, 422, 837 N.Y.S.2d 609, 611 (1st Dep't 2007) ("tortious interference cause of action was deficient for failure to allege the required … intent to induce a breach in nonconclusory fashion.").  *See also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1965 n. 3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.")

*Shearson Lehman Brothers Holdings, Inc.*, 281 A.D.2d 362, 362, 723 N.Y.S.2d 161, 162 (1st

Dept. 2001) ("Shearson's interference with plaintiff's service agreements with E.F. Hutton & Co.

was justified by the economic interest that Shearson acquired in Hutton ...")

**B. The Amended Complaint Fails to State a Claim for Injurious Falsehood**

 **1. Plaintiff Does Not Allege the Essential Elements With the Requisite Particularity**

  Plaintiff's Third Claim for Relief, entitled "Injurious Falsehood," alleges that defendants

compromised plaintiff's business position with Future Exports and harmed plaintiff's reputation

in Mexico by telling Future Exports that plaintiff never had an agreement for Mudd and would

not be a trustworthy business partner. Am. Compl. at ¶¶ 46-49. "Under New York law, to plead

a claim for injurious falsehood the plaintiffs must allege four elements: (1) the falsity of the

alleged statements; (2) publication to a third person; (3) malice; and (4) special damages."

*Berwick v. New World Network Intern., Ltd.,* 2007 WL 949767 at *15 (S.D.N.Y. Mar. 28, 2007)

(Koeltl, J.). Plaintiff fails to state a claim for several reasons.

  First, the Amended Complaint does not sufficiently detail "the particular falsehood

uttered." *Kevin Spence & Sons, Inc. v. Boar's Head Provisions Co., Inc.*, 5 A.D.3d 352, 354,

774 N.Y.S.2d 56, 58-59 (2d Dept. 2004) (to state a cause of action, plaintiff must "identif[y] the

specific representations, allegedly made by the defendants, which underlie its cause of action

alleging injurious falsehood"); *Alexander & Alexander of New York Inc. v. Fritzen*, 114 A.D.2d

814, 816-17, 495 N.Y.S.2d 386, 389 (1st Dept. 1985), *aff'd*, 68 N.Y.2d 968, 510 N.Y.S.2d 546

(1986). The statement that plaintiff never had an agreement for Mudd, Am. Comp. ¶ 47, is not

only truthful, *see, e.g., Newport Service & Leasing, Inc. v. Meadowbrook Distributing Corp.*, 18

A.D.3d 454, 455, 794 N.Y.S.2d 426, 427 (2d Dept. 2005) (no claim for injurious falsehood

where complained-of statements are true), but, in any event, does not "speak to the quality of

plaintiff's goods or services" and therefore cannot form the basis of an injurious falsehood claim. *Henneberry v. Sumitomo Corp. of America*, 415 F.Supp.2d 423, 472 (S.D.N.Y. 2006) (Leisure, J.). Equally unavailing is defendants' purported expression of the opinion that plaintiff would not be a trustworthy business partner. *See, e.g., id.* (finding "not colorable" claim for injurious falsehood based on statements asserting that plaintiff lacks skill and business acumen.); *Gilliam v. Richard M. Greenspan, P.C.*, 17 A.D.3d 634, 635, 793 N.Y.S.2d 526, 527 (2d Dept. 2005) (statements of opinion, as opposed to fact, are not actionable).

Second, plaintiff fails to allege special damages with particularity, a requirement for stating a claim of injurious falsehood. *Rosenberg v. Home Box Office, Inc.*, 33 A.D.3d 550, 822 N.Y.S.2d 921 (1st Dept. 2006); *Stanton v. Carrara*, 28 A.D.3d 642, 813 N.Y.S.2d 515 (2d Dept. 2006); *Rall v. Hellman*, 284 A.D.2d 113, 114, 726 N.Y.S.2d 629, 632 (1st Dept. 2001); *Wasserman v. Maimonides Medical Center*, 268 A.D.2d 425, 426, 702 N.Y.S.2d 88, 89 (2d Dept. 2000). "[S]pecial damages must be fully and accurately stated, with sufficient particularity to identify actual losses." *Mapinfo Corp. v. Spatial Re-Engineering Consultants*, 2006 WL 2811816 at \*13 (N.D.N.Y. Sept. 28, 2006).

Nowhere does the Amended Complaint set forth any amounts purportedly lost as a result of defendants' alleged conduct. Although plaintiff alleges that it was forced to cancel an agreement with Daniel Araf and that two other companies refused to do business with it, Am. Compl. ¶ 36, an allegation of harm without an quantified monetary loss is wholly inadequate to plead special damages. *See, e.g., Henneberry v. Sumitomo Corp. of America*, 2005 WL 991772 at \* 20 (S.D.N.Y. Apr. 27, 2005) (Leisure, J.) (claimed "reputational damage is undoubtedly insufficiently alleged as it cites no basis for its amount"); *Nyitray v. Johnson*, 1998 WL 67651 at \*13 (S.D.N.Y. Feb. 19, 1998) (Mukasey, J.) ("conclusory" allegation of lost business dealings

12

insufficient where plaintiff did not "quantif[y] the economic damages he allegedly sustained as a result of their loss"), *aff'd*, 166 F.3d 1201 (2d Cir. 1998); *Continental Air Ticketing Agency, Inc. v. Empire Intern. Travel, Inc..* 51 A.D.2d 104, 108, 380 N.Y.S.2d 369, 372 (4th Dept. 1976) ("round figures without specific itemization must be deemed general damages.")

Third, plaintiff's failure to allege proximate cause in other than the most conclusory of terms, *see* Am. Compl. at ¶ 49 ("[d]efendants' actions … caused harm to plaintiff's business reputation in Mexico"), is also fatal to its claim. *See, e.g., Waste Distillation Technology, Inc. v. Blasland & Bouck Engineers, P.C.*, 136 A.D.2d 633, 633, 523 N.Y.S.2d 875, 877 (2d Dept. 1988) ("In pleading special damages, actual losses must be identified and causally related to the alleged tortious act.") Although plaintiff contends that "[d]efendants intentionally published false information regarding plaintiff's business to Future Exports," Am. Compl. at ¶ 47, the Amended Complaint does not explain how statements allegedly made to Future Exports proximately caused **other companies** (*i.e.*, Daniel Araf, Comercial Mexicana and Coppel Stores) to refuse to do business with plaintiff. *Id.* at ¶¶ 36, 49. *See, e.g., L.W.C. Agency, Inc. v. St. Paul Fire and Marine Ins. Co.*, 125 A.D.2d 371, 373, 509 N.Y.S.2d 97, 100 (2d Dept. 1986) ("general allegation that [plaintiff] was deprived of the commission on [a particular] policy … as well as the allegations of losses of undefined future commissions were inadequate to plead special damages.); *Gersh v. Kaspar & Esh, Inc.*, 11 A.D.2d 1005, 1005, 206 N.Y.S.2d 510, 511 (1st Dept. 1960) ("general allegation that numerous prospective employers refused to employ plaintiff by reason of the intentional misstatements of defendants is inadequate as a pleading of special damages."); *DiCosomo v. Getzoff*, 2005 WL 3863699 at *4 (Sup. Ct. Westchester Co. Sept. 20, 2005) ("speculation and conclusory allegations that defendant made false statements that were the direct cause of his injury are insufficient to raise a triable issue of fact.")

13

In sum, the Amended Complaint fails to identify the purportedly false statements with particularity, plead special damages, or demonstrate proximate causation between defendants' statements and any alleged harm; for all of these reasons, plaintiff fails to state a claim for injurious falsehood. *See, e.g., Kasada, Inc. v. Access Capital, Inc.*, 2004 WL 2903776 at *16 (S.D.N.Y. Dec. 14, 2004) (Daniels, J.) ("The requirement of pleading and proving special damages is applied strictly …. Thus, a motion to dismiss a claim of injurious falsehood may be granted for failure to allege special damages with the requisite specificity."); *Waste Distillation Technology v. Blasland & Bouck Engineers,* 136 A.D.2d at 634, 523 N.Y.S.2d at 877 (granting motion to dismiss where "plaintiff has failed to sufficiently allege that any losses incurred were causally related" to the defendants' critical statement).

## 2. The Claim is Time Barred

Even if plaintiff had adequately pled the elements of injurious falsehood, the claim is barred by the applicable one-year statute of limitations. CPLR § 215(3); *Nordco, A.S. v. Ledes*, 1999 WL 1243883 at *2 (S.D.N.Y. Dec. 21, 1999) (Ward, J.); *O'Brien v. Alexander*, 898 F.Supp. 162, 172 (S.D.N.Y. 1995) (Chin, J.), *aff'd*, 101 F.3d 1479 (2d Cir. 1996); *Entertainment Partners Group, Inc. v. Davis*, 198 A.D.2d 63, 64, 603 N.Y.S.2d 439, 440 (1st Dept. 1993).

The Amended Complaint does not specify the date of defendants' purported publication of false information (yet another reason why plaintiff fails to state the elements of the claim) but plaintiff's own allegations indicate that any such statements would have been made in October 2006 – more than one year prior to the November 19, 2007 Amended Complaint. Specifically, plaintiff contends that defendants "demanded" its principal execute the parties' agreement on October 3, 2006, and that defendants had executed it by October 9. Am. Compl. at ¶¶ 20, 26. In late October, defendants informed plaintiff that they did not wish to proceed with the licensing

14

agreement, *id.* at ¶ 29, and on October 27, plaintiff purportedly heard from a third party in Mexico that defendants had instead given Future Exports the exclusive license to distribute Mudd in Mexico. *Id.* at 31. By implication, if defendants had told Future Exports that they did not have an agreement with plaintiff for Mudd and that plaintiff would not be a trustworthy business partner, *id.* at ¶ 47, defendants would have done so **before** October 27, by which time plaintiff contends that they had already entered into an exclusive licensing agreement with Future Exports.

Plaintiff's new injurious falsehood claim, appearing for the first time in the November 19, 2007 Amended Complaint more than one year, is not saved from dismissal by Rule 15(c)'s relation-back doctrine. A newly-added claim will relate back to the date of the original complaint for purposes of determining whether the statute of limitations has expired only if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Rule 15(c)(2). *See also United States v. The Baylor University Medical Center*, 469 F.3d 263, 268 (2d Cir. 2006) ("[A]mendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15(c).") (*quoting* 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1497 (2d ed. 2006)). The original pleading must give the defendant fair notice of the material later alleged in the amended one. *See, e.g., Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1999 WL 672302 at *2 (S.D.N.Y. Aug. 27, 1999) (McKenna, J.) ("notice must be given by the facts alleged in the original pleading").

"With respect to claims of defamation and libel" – like the injurious falsehood claim alleged here – "each publication gives rise to a separate cause of action and does not relate back to an earlier publication." *Purnell v. Diesso*, 1996 WL 37770 at *2 (S.D.N.Y. Jan. 31, 1996)

15

(Patterson, J.). *See also Jewell v. Capital Cities/ABC, Inc.*, 1998 WL 702286 at ** 2-3

(S.D.N.Y. Oct. 7, 1998) (Preska, J.) (additional statements made during same radio broadcast did

not relate back to original pleading). New instances of defamation alleged in an amended

complaint will not relate back to the filing of the original for statute of limitations purposes, even

where the content of the defamatory statements is identical. *Pruiss v. Bosse*, 912 F.Supp. 104,

106 (S.D.N.Y. 1996) (Parker, J.).

     If one instance of defamation does not give a defendant notice that it might be sued for

another publication of the same statement, then plaintiff's Original Complaint for breach of

contract – which did not allege any false statements to anyone – cannot possibly have given

defendants notice that they would later be sued for publishing a purportedly false statement. The

Original Complaint in no way gave defendants notice that plaintiff would claim that they had

made false statements to Future Exports about plaintiff having an agreement for Mudd or

plaintiff's trustworthiness as a business partner, or seek to recover losses purportedly sustained

when plaintiff was forced to cancel an agreement with Daniel Araf for the manufacture of Mudd

products and when that Araf and two other Mexican companies refused to do business with

plaintiff. Am. Compl. at ¶¶ 35-36, 47.

     Plaintiff's claim of injurious falsehood does not relate to the conduct, transaction, or

occurrence set forth in the Original Complaint and therefore does not relate back to the date

thereof for purposes of determining whether the one year statute of limitations has expired. *See,*

*e.g., Polycast Technology Corp. v. Uniroyal, Inc.*, 1992 WL 123185 at * 15-16 (S.D.N.Y. May

28, 1992) (Haight, J.) (defamation claim did not relate back to filing of original complaint

alleging breach of contract and wrongful discharge). Accordingly, the claim is time barred.

## C. The Amended Complaint Does Not Allege the Elements of a Quantum Meruit Claim

The Fourth Claim for Relief alleges that plaintiff is entitled to recover the value of services provided in establishing the profitability of the Mudd brand in Mexico. Am. Compl. at ¶¶ 50-52. In order to make out a cause of action in quantum meruit, a plaintiff must plead and prove: (1) the performance of services in good faith; (2) the acceptance of those services by the person to whom they are rendered; (3) an expectation of compensation; and (4) the reasonable value of the services. *See, e.g., Rawlins v. M&T Mortg. Corporations*, 2005 WL 2143334 at *1 n. 3 (S.D.N.Y. Sept. 1, 2005) (Casey, J.); *Priore v. New York Yankees*, 307 A.D.2d 67, 71, 761 N.Y.S.2d 608, 611-12 (1st Dept. 2003).

Although the Amended Complaint asserts that plaintiff's principal traveled in Mexico to determine potential markets for Mudd products, met with potential manufacturers and distributors, and introduced defendants to a denim manufacturer, Am. Compl. at ¶¶ 10-11, nowhere does plaintiff allege that it expected compensation for doing so. Rather, to the contrary, the Amended Complaint asserts that plaintiff orally agreed "to determine whether it would be profitable to exploit the Mudd trademark in Mexico, and, if so, to license the trademark in Mexico from Iconix." *Id.* at ¶ 9. Thus, plaintiff's own admissions establish that whatever work it did in establishing the profitability of the Mudd brand in Mexico was "based upon the hope that it would be awarded" an exclusive licensing agreement and was, therefore, "merely preparatory to performance." *Absher Const. Corp. v. Colin*, 233 A.D.2d 279, 280, 649 N.Y.S.2d 174, 175 (2d Dept. 1996). In the absence of allegations indicating that defendants agreed to provide compensation or that plaintiff had some other basis to expect it, plaintiff is not entitled to recover the claimed value of services performed in the hope of obtaining a licensing agreement that did not come to fruition. *See, e.g., Rogers v. HSN Direct Joint Venture*, 1999 WL 595533 at

17

*2 (S.D.N.Y. Aug. 6, 1999) (Stanton, J.) ("Money expended in preparation for eventually

performing under an agreement is not compensable in quasi-contract."); *Metropolitan Steel*

*Industries, Inc. v. Citnalta Const. Corp.*, 302 A.D.2d 233, 233-34, 754 N.Y.S.2d 278, 279 (1st

Dept. 2003) (no quantum meruit claim where even though "plaintiff may have performed

preparatory work in anticipation of and to facilitate a successful contract negotiation");

*Landcom, Inc. v. Galen-Lyons Joint Landfill Com'n*, 259 A.D.2d 967, 967, 687 N.Y.S.2d 841,

842-43 (4th Dept. 1999) (no quantum meruit claim where plaintiff prepared a landfill

construction application and expended money with the expectation that it would eventually

operate the new landfill facility.)

## CONCLUSION

Plaintiff's Amended Complaint exceeds the scope of leave to amend previously granted

by this Court, and its Third and Fourth Claims should therefore be stricken or dismissed (along

with the new factual allegations set forth in ¶¶ 34-36) pursuant to Rule 15(a) or 12(f).  In

addition, the Second, Third and Fourth Claims fails to state a claim upon which relief may be

granted, and must therefore be dismissed pursuant to Rule 12(b)(6).

Dated: New York, New York
         December 3, 2007

SPEARS & IMES LLP

By:     Debra A. Karlstein
51 Madison Avenue, 25th floor
New York, New York 10010
Tel: (212) 213-1715
Fax: (212) 213-0849

*Attorneys for Defendants Iconix Brand
Group, Inc. and IP Holdings LLC*

18