Jared B. Stamell (JS 5225)
STAMELL & SCHAGER, LLP
One Liberty Plaza, 35th Floor
New York, New York 10006
(212) 566-4047
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EXPORTACIONES DEL FUTURO S.A. DE C.V., <br><br> Plaintiff, <br><br> v. <br><br> ICONIX BRAND GROUP INC. and IP HOLDINGS, LLC, <br><br> Defendants. | Docket No. 07 Civ. 4145 |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STRIKE OR DISMISS COMPLAINT**

**TABLE OF CONTENTS**

**CONTENTS**

I. SUMMARY ...................................................................................................................1

II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE .................1

    a. Plaintiff Necessarily Amended The Complaint To Abide By The Court's Dismissal Of Claims In Deciding The Motion For Reconsideration ..........................................1

    b. Defendants Do Not Move To Dismiss The Breach Of Contract Claim ....................2

III. ARGUMENT ..................................................................................................................3

    a. Plaintiff Has Adequately Pled Its Claims ..................................................................3

        1. Plaintiff's Claim For Interference With Contract ..................................................3

            A. Plaintiff Alleges The Elements Of Tortious Interference ........................3

            B. Iconix Was Not Privileged To Interfere With The Contract....................4

        2. Plaintiff's Claim For Injurious Falsehood .............................................................5

            A. Plaintiff Pleads Its Claim For Injurious Falsehood With Adequate Particularity.................................................................................................5

            B. Plaintiff's Claim For Injurious Falsehood Is Not Time Barred ...............7

        3. Plaintiff's Claim For Quantum Meruit Recovery .................................................8

    b. Plaintiff's Amendment Is Proper ................................................................................9

        1. Courts Can Impose Conditions On Amendments, But The Court Did Not Do So Here................................................................................................................10

        2. Defendants Are Not Prejudiced By The Amendment.........................................11

        3. To Request Leave To Amend To Add The Claims Would Be Unduly Formalistic, Inconsistent With The Rules, And A Waste Of The Court's Time ..................................................................................................................12

IV. CONCLUSION .............................................................................................................13

**TABLE OF AUTHORITIES**

**Cases**

*Berwick v. New World Network Int'l., Ltd.* 2007 WL 949767 (S.D.N.Y. Mar. 28, 2007) ................6
*Campbell v. Potter*, 2005 WL 2660380 (E.D.Pa. Oct. 17, 2005) ....................................................12
*Candreva v. Ultra Kote Applied Technology, Ltd.*, 2007 WL 2876025 (N.Y.A.D. 2nd Dept. Oct. 2, 2007) ..................................................................................................................................................8
*Continental Air Ticketing Agency, Inc. v. Empire Int'l. Travel, Inc.*, 51 A.D.2d 104; 380 N.Y.S.2d 369 (4th Dept. 1976) .................................................................................................................6, 7
*Court Degraw Theater, Inc. v. Loew's, Inc.*, 22 F.R.D. 264 (E.D.N.Y. 1958) .................................7
*Harwood Pharm. Co. v. National Broad-Casting Co., Inc.*, 9 N.Y.2d 460; N.E.2d 602 (N.Y. 1961) ...................................................................................................................................................6
*Index Fund, Inc. v. Hagopian,* 107 F.R.D. 95 (S.D.N.Y. 1985) ("*Index Fund II*")..........................10
*Index Fund, Inc. v. Hagopian*, 609 F.Supp. 499 (S.D.N.Y. 1985) ("*Index Fund I*") ......................10
*Jews for Jesus, Inc. v. Jewish Community Relations Council*, 968 F.2d 286 (2nd Cir. 1992)........3, 4
*Kuntz v. New York State Board of Elections*, 924 F.Supp. 364 (N.D.N.Y. 1996) ..........................11
*O'Neil v. Gencorp*, 1991 WL 33316 (S.D.N.Y., March 1, 1991).....................................................11
*Penthouse Int'l. Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371 (2nd Cir. 1981)..............................6
*Record Club of America, Inc. v. United Artists Records, Inc.*, 611 F.Supp. 211 (S.D.N.Y. 1985) ...4
*Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574 (1945) ............................................................7, 8

**Rules**

Fed.R.Civ.P. 1 ..................................................................................................................................12
Fed.R.Civ.P. 15(c) .............................................................................................................................7
Fed.R.Civ.P. 54(c) ...........................................................................................................................12

**I.    SUMMARY**

Defendants again move to dismiss the complaint – this time to dismiss all claims *except* for breach of contract. Defendants show no good reason for dismissal of these claims. Defendants motion should be denied because:

- Plaintiff has properly pled claims of interference with contract, injurious falsehood and quantum meruit.

- Plaintiff addition of claims had to await the Court explaining dismissal of the second and third claims in the original complaint, and granting leave to amend. The Court did not limit the amendments and already found amendment does not prejudice Defendants

**II.   STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE**

a.   Plaintiff Necessarily Amended The Complaint To Abide By The Court's Dismissal Of Claims In Deciding The Motion For Reconsideration

Plaintiff amended in response to the Court's decision dismissing two claims for relief and granting leave to amend. Plaintiff's original complaint contained three claims: (1) breach of contract; (2) interference with contract; and (3) interference with prospective business advantage. Stamell Aff.,[1] Ex. 1, at ¶¶ 37-48. The Court dismissed the original complaint on October 10, 2007, but only discussed the first claim. Stamell Aff., Ex. 2. On October 25, 2007, Plaintiff requested that the Court decide whether the second and third claims were dismissed, and also requested leave to amend to satisfy the Court's rulings on the first claim. Stamell Aff., Ex. 3. The request included a draft amended complaint.

On November 6, 2007, the Court dismissed the two claims not addressed in the original dismissal. Stamell Aff., Ex. 4. The Court provided its reasoning for dismissing the second claim (interference with contract) and third claim (interference with prospective business advantage). *Id.* at 3-4. The Court granted leave to amend, stating:

---

[1] References to "Stamell Aff." refer to the accompanying Affirmation of Jared B. Stamell in Support of Opposition to Motion to Dismiss.

> This is not a case where years have passed since the filing of the complaint, nor is it one where the parties have already completed all fact and expert discovery. However tenuous, plaintiff's requested amendments do not appear to be completely futile or made in bad faith, or to cause undue delay or prejudice to the opposing party. <u>Plaintiff's request for leave to amend their complaint is therefore granted</u>.

*Id.* at 5 (emphasis added; footnote omitted).  The Court did not place any conditions on the amendment.

      b.    <u>Defendants Do Not Move To Dismiss The Breach Of Contract Claim</u>

On November 19, 2007, Plaintiff filed its amended complaint.  Stamell Aff., Ex. 5.  The amended complaint contained four claims: (1) breach of contract; (2) interference with contract; (3) injurious falsehood; and (4) quantum meruit.  *Id.* at ¶¶ 37-52.[2]

Defendants move to dismiss the second (interference with contract), third (injurious falsehood), and fourth (quantum meruit) claims.  Defendants' Mem.[3] at p. 11.  Defendants no longer move to dismiss the first claim: breach of contract.

Defendants still do not deny signing the Agreement.  Instead, Defendants continue to tiptoe around the issue, stating:

> <u>Plaintiff signed and returned a copy of the agreement</u>. Although the draft of the agreement attached as an exhibit is signed only by plaintiff, the Amended Complaint alleges that defendants signed and kept a copy in their files.
>
> Within days, defendants verbally advised plaintiff that they did not wish to proceed; thereafter, defendants sent written confirmation that <u>they would not return a signed agreement</u> and that Gershon should not hold himself out as having a relationship with defendants.

---

[2] Plaintiff thus dropped its claim for interference with prospective business advantage, amended its claim for interference with contract, and added claims for injurious falsehood and quantum meruit.

[3] References to "Defendants' Mem." refer to the Defendants' memorandum of law in support of the current motion to dismiss.

2

Defendants' Mem. at 4 (emphasis added).  Defendants' continued failure to deny signing the agreement is essentially an admission that they signed.

## III. ARGUMENT

### a. Plaintiff Has Adequately Pled Its Claims

Plaintiff has adequately pled its claims for tortious interference, injurious falsehood, and quantum meruit recovery.

#### 1. Plaintiff's Claim For Interference With Contract

Plaintiff's second claim is for tortious interference with contract by Iconix.  Stamell Aff., Ex. 5, at ¶¶ 40-45.  Defendants move to dismiss this claim on the ground that Plaintiff did not allege that the interference "lacked justification."[4]  Defendants' Mem. at 8-9.  Under the circumstances of this case – where the Defendants are an operating company and a shell holding company – Defendants' argument is nonsensical.

##### A. Plaintiff Alleges The Elements Of Tortious Interference

In order to make a claim of tortious interference with contract, a plaintiff must "allege and prove the existence of a valid contract and damages caused by the defendant's knowing and intentional interference with that contract without reasonable justification."  *Jews for Jesus, Inc. v. Jewish Community Relations Council*, 968 F.2d 286, 292 (2nd Cir. 1992).  The "without reasonable justification" element can also be framed as whether the interference was "improper." *Id.*  In order to determine whether interference was improper, the court may consider various factors:

---

[4] The Court originally dismissed this claim solely on the ground that Plaintiff had not adequately alleged the existence of a contract, and therefore there could be no interference with contract. Stamell Aff., Ex. 4, at 3-4.  Defendants now argue that Plaintiff fails to allege that Iconix interfered with the contract via improper means, or that Iconix acted without economic justification.  Defendants' Mem. at 8-11.

3

> [T]he nature of the defendant's conduct, the defendant's motive, the
> interests of the plaintiff with which the defendant interferes, the
> interests the defendant seeks to advance, the social interests at
> stake, the proximity of the defendant's conduct to the interference,
> and the relations between the parties.

*Id.* at 292-293 (holding that issues of fact with regard to these factors prevented summary judgment on a claim for tortious interference with contract).

Plaintiff alleges that Iconix acted improperly in its interference with Defendant IP's contract with Plaintiff: "Iconix' interference with the contract between IP and plaintiff was intentional and <u>improper</u>." Stamell Aff., Ex. 5, at ¶ 44 (emphasis added).[5] The complaint also alleges a clearly improper motive by Iconix: the misappropriation of a laboriously-obtained and negotiated business relationship between Plaintiff and Future Exports. *Id.* at ¶¶ 11-13, 31-33. These allegations go to several factors to be considered by the Court in determining impropriety, including a defendant's motive, the interests of plaintiff interfered with, and the proximity of defendant's conduct. *Jews for Jesus*, 968 F.2d at 292-293.

B.    <u>Iconix Was Not Privileged To Interfere With The Contract</u>

Defendants also argue that Iconix was justified in interfering with the agreement because it was the parent corporation of IP, and therefore was always privileged to interfere. Defendants' Mem. at 9-10. Iconix had no such right. In *Record Club of America, Inc.*, cited by Defendants, the Court rejected a similar argument. Defendants there argued that "a parent corporation cannot tortiously induce the breach of and, indeed, is privileged to interfere in the contractual relationships of a wholly-owned subsidiary." *Record Club of America, Inc. v. United Artists Records, Inc.*, 611 F.Supp. 211, 217 (S.D.N.Y. 1985). The court rejected such an unconditional

---

[5] Defendants argue that this is the only allegation of impropriety (Defendants' Mem. at 10 n. 7), but it is not. The claim also incorporates the facts alleged in the rest of the complaint (Stamell Aff., Ex. 5, at ¶ 40).

4

privilege, holding that the interference is allowed only so long as there are no "improper means" used – and denied summary judgment on that basis. *Id.*

Taking Plaintiff's allegations as true and drawing all inferences in favor of Plaintiff, Plaintiff has alleged that Iconix interfered with the agreement, and that it did so by improper means, motivated by the theft of the relationship between Plaintiff and third party Future Exports, and with the intent to harm Plaintiff thereby. This is an improper, non-privileged, tortious interference with contract.

### 2. Plaintiff's Claim For Injurious Falsehood

Plaintiff's claim for injurious falsehood is more than adequately stated under the federal pleading rules. Defendants assert that Plaintiff's claim (1) is not pled with adequate particularity, and (2) that it is time-barred. Defendants are wrong on both counts.

### A. Plaintiff Pleads Its Claim For Injurious Falsehood With Adequate Particularity

Defendants claim that the amended complaint does not "sufficiently detail 'the particular falsehood uttered'" (Defendants' Mem. at 11), but the complaint is actually quite specific as to what Defendants said and did. The allegations are that:

> 47. Defendants intentionally published false information regarding plaintiff's business to Future Exports, <u>stating, among other things, that plaintiff never had an agreement for Mudd and would not be a trustworthy business partner</u>.
>
> 48. Defendants conveyed false information about plaintiff maliciously and/or with reckless disregard for truth, with the intention of compromising plaintiff's business position with Future Exports and other companies in Mexico.
>
> 49. Defendants' actions actually did compromise plaintiff's business position with Future Exports, and also caused harm to plaintiff's business reputation in Mexico.

5

Stamell Aff., Ex. 5 (Amended Complaint) at ¶¶ 47-49 (emphasis added).  In essence, Defendants said Plaintiff had lied about the existence of a contract, and that Plaintiff was too untrustworthy to be a good business partner.  Given the other allegations of the complaint, it is apparent that Defendants intentionally misrepresented the situation to Future Exports to cut Plaintiff out of the deal, and to establish a direct relationship with Future Exports.  *See* Amended Complaint at ¶¶ 31-33.

As Defendant states, a claim of injurious falsehood (also known as trade libel) requires allegations of falsity, publication, and malice.  Defendants' Mem. at 11, citing *Berwick v. New World Network Int'l., Ltd.* 2007 WL 949767 at *15 (S.D.N.Y. Mar. 28, 2007).  Plaintiff's allegations meet all three of these elements: (1) Defendants falsely stated that Plaintiff did not have an agreement and that it would be an untrustworthy business partner; (2) the statement was published to Future Exports, and (3) it was done maliciously in order to displace Plaintiff from the business relationship.

Defendants wrongly claim that special damages must be pled.  Defendants' Mem. at 11.  Under New York law, where the statement at issue imputes deceit on the part of the plaintiff, it is libelous per se, and special damages need not be pled or proven.  *Continental Air Ticketing Agency, Inc. v. Empire Int'l. Travel, Inc.*, 51 A.D.2d 104, 106-107; 380 N.Y.S.2d 369, 371 (4th Dept. 1976) (well settled that where a statement is libelous per se, special damages need not be alleged); *Penthouse Int'l. Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 390-391 (2nd Cir. 1981) (must plead special damages unless the words impute deceit); *Harwood Pharm. Co. v. National Broad-Casting Co., Inc.*, 9 N.Y.2d 460, 174 N.E.2d 602 (N.Y. 1961) (pleading special damages unnecessary when the "language, as a whole, considered in its ordinary meaning, naturally and proximately was (is) so injurious to the plaintiff that the court will presume without

6

any proof, that his reputation or credit has been thereby impaired"). Further, where a false statement is against a corporation itself, rather than against a product, no special damages need be alleged. *Continental Air*, 51 A.D.2d at 107; 380 N.Y.S.2d at 371. Defendants' statement to Future Exports was that Plaintiff had lied about having a contract, and that it would not be a trustworthy business partner. This is a clear statement that Plaintiff was dishonest. Under the well-settled New York rule, no special damages need be pled.

Finally, Defendants also claim that Plaintiff fail to "allege proximate cause." Defendants' Mem. at 13. In fact, the amended complaint makes causation clear. Plaintiff alleges that Defendants' statements were intended to compromise Plaintiff's relationship with Future Exports, and that it did indeed compromise the relationship. Stamell Aff., Ex. 5, at ¶¶ 48-49.

### B.  Plaintiff's Claim For Injurious Falsehood Is Not Time Barred

Defendants also incorrectly assert that Plaintiff's claims for injurious falsehood are time-barred by the one year New York statute of limitations. Defendants' Mem. at 14-16. Under Federal Rule of Civil Procedure 15(c), the injurious falsehood claim clearly relates back to the date of the original complaint, and is therefore within the limitations period.

Rule 15(c) holds that an amended pleading relates back to the original when the claim "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed.R.Civ.P. 15(c). This rule is to be interpreted liberally. *Court Degraw Theater, Inc. v. Loew's, Inc.*, 22 F.R.D. 264, 266 (E.D.N.Y. 1958). Where a party with a wrongful death action involving a train accident added a claim, under a different federal statute, and a new allegation that the locomotive was not properly lighted, Justice Holmes held that the amendment related back to the original pleading. *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574, 580-591 (1945). Justice Holmes opined that both pleadings "related to the same general

7

conduct, transaction and occurrence which involved the death of the deceased," despite the new claim and new fact alleged. *Id.* at 581.

The same is true here. Plaintiff's original complaint alleged that it had a relationship with Future Exports, and that it introduced Defendants to that company. Stamell Aff., Ex. 1, at ¶ 17(d). It also alleged that Defendants had struck a deal directly with Future Exports, thus cutting Plaintiff out of the deal. *Id.* at ¶ 31-32, 35. It further alleges that Defendants intentionally interfered with the business relationship with Future Exports. *Id.* at ¶¶45-58. The amended complaint adds an additional allegation regarding the means by which Defendants interfered with the relationship, and a new claim, but the new allegation and claim clearly arise from the same "general conduct, transaction, and occurrence." As in *Tiller*, the new allegation and claim arising from the same general conduct relate back to the filing of the original complaint.

3.  Plaintiff's Claim For Quantum Meruit Recovery

The facts pled by Plaintiff also make out a claim for recovery in quantum meruit. As Defendant correctly states, the elements of a quantum meruit claim are:

> (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services.

*Candreva v. Ultra Kote Applied Technology, Ltd.*, 2007 WL 2876025 at *1 (N.Y.A.D. 2nd Dept. Oct. 2, 2007). Defendants assert that Plaintiff is not entitled to recover in quantum meruit because Plaintiff had no expectation for recovery for the travel and early negotiations that Plaintiff made on Defendant's behalf. Defendants' Mem. at 17-18. This misconstrues the basis of Plaintiff's quantum meruit claim. As made clear in the complaint, Plaintiff's work did not merely involve preliminary travel and negotiations – it included actual introductions to Future

8

Exports and the negotiation of a business relationship among Defendants, Plaintiff, and Future Exports. *Id.* at ¶¶ 11-13.

Plaintiff's allegation is:

> 51. By establishing the profitability of exploiting the Mudd brand in Mexico, at defendants' request and expending its own money and resources to do so, plaintiff conferred benefits on defendants.

*Id.* at ¶ 51. Defendants have taken this relationship with Future Exports for themselves, and presumably continue to profit from it based on their direct contract with Future Exports. *Id.* at ¶¶ 31-33.

These claims meet the standard for quantum meruit recovery. Plaintiff offered its valuable connection to Future Exports to Defendants in good faith, and Defendants accepted them by contracting directly with Future Exports. Plaintiff fully expected to profit from this service. Plaintiff is therefore entitled to recover the reasonable value of its services.

      b.      <u>Plaintiff's Amendment Is Proper</u>

Defendants argue that Plaintiff's amended complaint should be stricken because there are new allegations that were not in the redlined draft complaint submitted with Plaintiff's request for amendment (the "Draft Complaint"). This is a formalistic argument that the Court should disregard, in accordance with the general requirement of liberal pleading. Defendants ignore the Court's ruling on the second and third claims in the Draft Complaint. Following the Court's opinion, Plaintiff revised its claim for tortious interference, dropped its claim for interference with business advantage, and added two new claims. Plaintiff necessarily had to take the Court's decision into account before filing the amended complaint. Further, as the Court has already held, there is no prejudice to Defendants in allowing the amendment.

1.   Courts Can Impose Conditions On Amendments, But The Court Did Not Do So Here

Defendants rely upon cases in which courts granted leave to amend with conditions. However, this Court did not impose conditions on Plaintiff's amendments. Defendants rely most heavily on *Index Fund, Inc. v. Hagopian,* 107 F.R.D. 95 (S.D.N.Y. 1985) ("*Index Fund II*"), which Defendants tout as a "case virtually indistinguishable from this one." Defendants' Mem. at 6. Defendants quote five paragraphs of this case, but omit the critical statement with an ellipsis: that Judge Tenney imposed specific conditions on the amendment, right down to the laws and doctrines which could be alleged. The omitted language is:

> The Court stated that the plaintiff could amend the complaint "to the extent necessary to allege that Cititrust and Citibank are secondarily liable under the doctrine of aiding and abetting, and the doctrine of controlling parties. [cite] Further, in a footnote to that section, the Court specifically identified the laws under which the complaint could be amended. [cite].

*Index Fund II*, 107 F.R.D. at 98.[6]

Defendants also omit that Judge Tenney imposed those conditions on the amendment after twelve years of litigation, and when defendants had already moved for summary judgment. *Index Fund, Inc. v. Hagopian*, 609 F.Supp. 499, 501-502 (S.D.N.Y. 1985) ("*Index Fund I*") (earlier decision by J. Tenney).[7] Similarly, in another case cited by Defendants, the Court placed express conditions on a grant of motion to amend where there was an "already lengthy litigation

---

[6] Defendants conclude their cite with the phrase "internal citations omitted." In fact they omitted more than internal citations and distorted the meaning.

[7] Defendants cite to seven cases on this point, none from the Second Circuit, and only one other than *Index Fund* from the Southern District. In the other Southern District case, *Rice v. Scudder Kemper Investments, Inc.*, 2003 WL 21961010, *2 (S.D.N.Y., Aug. 4, 2003), Judge Carter acknowledged the court's ability to impose conditions on an amendment, but decided to evaluate the claims on their merits rather than impose conditions. The other cases are cumulative, and an analysis of each one is not necessary.

history" and the "borderline frivolousness and facial inadequacy of his earlier complaint, coupled with his propensity to file numerous and voluminous, but often immaterial and ultimately meritless, exhibits . . . ." *Kuntz v. New York State Board of Elections*, 924 F.Supp. 364, 366 (N.D.N.Y. 1996).

Unlike the cases cited by Defendants, the Court here did not impose conditions on Plaintiff's amendment. The Court simply stated that "Plaintiff's request for leave to amend their complaint is therefore granted." Stamell Aff., Ex. 4, at 5. Further, Defendants did not ask for such conditions, and there was no reason for the Court to impose them. As the Court recognized in its November 6 Order, this case has just begun: "[t]his is not a case where years have passed since the filing of the complaint, nor is it one where the parties have already completed all fact and expert discovery." Stamell Aff., Ex. 4, at 5.

> 2. <u>Defendants Are Not Prejudiced By The Amendment</u>

In the absence of prejudice to the opposing party, the amendment should be allowed. In *O'Neil v. Gencorp*, 1991 WL 33316 (S.D.N.Y., March 1, 1991), for example, plaintiffs moved to amend to add a new defendant after two years of litigation. *Id.* at *6. Plaintiffs filed the amended complaint without leave of court or stipulation of the parties, and Defendants argued that it was beyond the scope of amendment permissible under an associated judge's order. *Id.* at *7. The court concluded that the amended complaint was appropriate because Defendants demonstrated no prejudice. *Id.* at *8.

As the Court has already held, there is no prejudice to Defendants from amending the complaint at this early stage in the proceeding. Stamell Aff., Ex. 4, at 5.

       3.       To Request Leave To Amend To Add The Claims Would Be Unduly Formalistic, Inconsistent With The Rules, And A Waste Of The Court's Time

By complaining that Plaintiff amended the complaint without leave, Defendants essentially seek another motion to amend the complaint. This should be allowed if necessary. *See, e.g., Campbell v. Potter*, 2005 WL 2660380, *2 (E.D.Pa. Oct. 17, 2005) (dismissing several claims that exceed scope of motion to amend without prejudice, and stating that plaintiffs could move to amend again). However, it would be a waste of time.

Rule 1 provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Moreover, Rule 54(c) provides the Court the ability to grant the relief to which each party is entitled, "even if the party has not demanded that relief in its pleadings." Fed.R.Civ.P. 54(c). Whether or not the claims are explicitly pled, they nonetheless are claims for relief that this Court may grant. Defendants' demand for additional motion practice about the amendment serves no purpose other than to delay, increase the expense of the litigation, and to obstruct decision of this case on the merits.

**IV.     CONCLUSION**

Plaintiff respectfully submits that the Court should grant Plaintiffs' motion, and allow amendment of the Complaint.

Dated: New York, New York
       Monday, January 14, 2008

                          Jared B. Stamell (JS 5225)
                          STAMELL & SCHAGER, LLP
                          One Liberty Plaza, 35th Floor
                          New York, New York 10006
                          (212) 566-4047
                          *Attorneys for Plaintiff*


By: ___/s/ Jared B. Stamell_____
       Jared B. Stamell