UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EXPORTACIONES DEL FUTURO S.A. DE C.V., :
:
                          Plaintiff,     :    Docket No. 07 Civ 4145
     - against -                     :
:
ICONIX BRAND GROUP INC. and       :
IP HOLDINGS, LLC,                   :
:
                          Defendants.   :
-----------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND/OR DISMISS

SPEARS & IMES LLP
51 Madison Avenue, 25th floor
New York, New York 10010
Tel: (212) 213-1715
Fax: (212) 213-0849

*Attorneys for Defendants Iconix
Brand Group, Inc. and IP Holdings LLC*

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................1

ARGUMENT
    PLAINTIFF'S OPPOSITION FAILS TO CORRECT THE PLEADING DEFICIENCIES
    OF THE SECOND, THIRD AND FOURTH CLAIMS, WHICH MUST BE DISMISSED .....2

    A.  Plaintiff Has Not Specified any Improper Conduct by Parent Iconix That Could
        Give Rise to Liability for Tortious Interference With the Contract of its Subsidiary .....2

    B.  The Injurious Falsehood Claim Omits Requisite Elements and Does Not
        Arise Out of the Same Transaction or Occurrence as the Original Claims .....................4

    C.  Plaintiff Still Does Not Allege an Expectation of Compensation for its
        Preparatory Work ..............................................................................................................8

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

**Federal Cases:**

*American Protein Corp. v. AB Volvo*, 844 F.2d 56 (2d Cir.1988), *cert. denied*, 488 U.S. 852 (1988)..................................................................................................................3

*Berwick v. New World Network Intern., Ltd.*, 2007 WL 949767 (S.D.N.Y. Mar. 28, 2007) ............5

*Daniels v. St. Luke's-Roosevelt Hosp. Center*, 2003 WL 22410623 (S.D.N.Y. Oct. 21, 2003) .......4-5

*E-Z Bowz, L.L.C. v. Professional Product Research Co., Inc.*, 2003 WL 22068573 (S.D.N.Y. Sept. 5, 2003)..........................................................................................................5

*Fabry v. Meridian Vat Reclaim, Inc.*, 2000 WL 1515182 (S.D.N.Y. Oct. 11, 2000) ......................5

*Henneberry v. Sumitomo Corp. of America*, 415 F.Supp.2d 423 (S.D.N.Y. 2006) ........................5, 6

*Jewell v. Capital Cities/ABC, Inc.*, 1998 WL 702286 (S.D.N.Y. Oct. 7, 1998)..............................7

*Jews for Jesus, Inc. v. Jewish Community Relations Council of New York, Inc.*, 968 F.2d 286 (2d Cir. 1992) ...........................................................................................................2

*Kasada, Inc. v. Access Capital, Inc.*, 2004 WL 2903776 (S.D.N.Y. Dec. 14, 2004).......................5

*Landcom, Inc. v. Galen-Lyons Joint Landfill Com'n*, 259 A.D.2d 967, 687 N.Y.S.2d 841 (4th Dept. 1999)................................................................................................................8

*Levine v. Reader's Digest Ass'n, Inc.*, 2006 WL 1683417 (S.D.N.Y. June 16, 2006).....................3

*MacPhee v. Verizon Communications Inc.*, 2008 WL 162899 at * 5n. 6 (S.D.N.Y. Jan. 15, 2008)..................................................................................................................2

*Masefield AG v. Colonial Oil Industries*, 2006 WL 346178 (S.D.N.Y. Feb. 15, 2006) ..................2, 4

*Milanese v. Rust-Oleum Corp.*, 244 F.3d 104 (2d Cir. 2001) ........................................................1

*Plasmart, Inc. v. Wincell Intern. Inc.*. 442 F.Supp.2d 53 (S.D.N.Y. July 7, 2006) ........................5

*Polycast Technology Corp. v. Uniroyal, Inc.*, 1992 WL 123185 (S.D.N.Y. May 28, 1992)............7

*Pruiss v. Bosse*, 912 F.Supp. 104 (S.D.N.Y. 1996).......................................................................7

*Purnell v. Diesso*, 1996 WL 37770 (S.D.N.Y. Jan. 31, 1996) .......................................................7

*Record Club of America, Inc. v. United Artists Records, Inc.*, 611 F.Supp. 211 (S.D.N.Y. 1985)..............................................................................................................3, 4

*Rogers v. HSN Direct Joint Venture*, 1999 WL 595533 (S.D.N.Y. Aug. 6, 1999) .......................... 8

*Tasso v. Platinum Guild Intern.*, 1998 WL 841489 (S.D.N.Y. Dec. 3, 1998) ................................. 6

*Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574, 65 S.Ct. 421 (1945) ........................................ 6, 7

*Vinas v. Chubb Corp.*, 499 F.Supp.2d 427 (S.D.N.Y. 2007) ................................................... 2, 3, 4

**State Cases:**

*Absher Const. Corp. v. Colin*, 233 A.D.2d 279, 649 N.Y.S.2d 174 (2d Dept. 1996) ..................... 8

*Cunningham v. Hagedorn*, 72 A.D.2d 702, 422 N.Y.S.2d 70 (1st Dept. 1979) ......................... 5-6

*Foster v. Churchill*, 87 N.Y.2d 744, 642 N.Y.S.2d 583 (1996) ..................................................... 2

*Koret, Inc. v. Christian Dior, S.A.*, 161 A.D.2d 156, 554 N.Y.S.2d 867 (1st Dept. 1990) ............ 3

*Metropolitan Steel Industries, Inc. v. Citnalta Const. Corp.*, 302 A.D.2d 233, 754
   N.Y.S.2d 278 (1st Dept. 2003) ................................................................................................. 8

*Rall v. Hellman*, 284 A.D.2d 113, 726 N.Y.S.2d 629 (1st Dept. 2001) ........................................ 5

*Rosenberg v. Home Box Office, Inc.*, 33 A.D.3d 550, 822 N.Y.S.2d 921 (1st Dept. 2006) .......... 5

*Stanton v. Carrara*, 28 A.D.3d 642, 813 N.Y.S.2d 515 (2d Dept. 2006) ...................................... 5

*WMW Machinery Co., Inc. v. Koerber AG*, 240 A.D.2d 400, 658 N.Y.S.2d 385
   (2d Dept. 1997) ......................................................................................................................... 3

*Wasserman v. Maimonides Medical Center*, 268 A.D.2d 425, 702 N.Y.S.2d 88
   (2d Dept. 2000) ......................................................................................................................... 5

*White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 8 N.Y.3d 422, 835 N.Y.S.2d
   530 (2007) ............................................................................................................................ 2, 3

**Other Authorities:**

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 1, 9

Federal Rule of Civil Procedure 15(a) ........................................................................................... 1

Federal Rule of Civil Procedure 15(c)(2) ...................................................................................... 7

## INTRODUCTION

In direct contravention of Rule 15(a), plaintiff argues that it was entitled to amplify its Amended Complaint with two novel causes of action and brand new factual allegations, notwithstanding the fact that it never sought – and this Court never granted – leave to amend for that purpose. Plaintiff misstates the November 6, 2007 Order by claiming that "this Court did not impose conditions on Plaintiff's amendments." Pl. Br.[1] at 10. To the contrary, that Order granted plaintiff's motion only after specially noting that "plaintiff requests leave to amend the complaint **to allege that 'the contract that Defendants signed was in writing and contained all the terms of the contract.'** (Pl.'s letter dated October 25, 2007)." Amendment Order[2] at 5 (emphasis supplied). The suggestion that a party can "bait and switch" by seeking leave on a narrow basis and then amending to include claims and facts on which the Court never laid eyes violates both the letter and spirit of Rule 15(a).

Moreover, leave to amend must be denied as futile when the proposed cause of action fails to state a claim. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). Plaintiff's new Third and Fourth Claims, alleging injurious falsehood and quantum meruit, fail to state a claim for reasons set forth below and in defendants' Moving Brief[3]; leave to amend should therefore be denied. Plaintiff's opposition fails to cure the pleading deficiencies of the Amended Complaint, and the new claims, along with the Second Claim for interference with contract, must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

---

[1] "Pl. Br." refers to the Memorandum of Law in Opposition to Motion to Strike or Dismiss Complaint, dated January 14, 2008.

[2] The November 6, 2007 "Amendment Order" is annexed as Exhibit D to the moving Affirmation of Debra A. Karlstein, Esq., dated December 3, 2007 ("Karlstein Dec.").

[3] "Moving Br." refers to the Memorandum of Law in Support Of Defendants' Motion to Strike and/or Dismiss dated December 3, 2007.

## ARGUMENT

## PLAINTIFF'S OPPOSITION FAILS TO CORRECT THE PLEADING DEFICIENCIES OF THE SECOND, THIRD AND FOURTH CLAIMS, WHICH MUST BE DISMISSED

### A. Plaintiff Has Not Specified any Improper Conduct by Parent Iconix That Could Give Rise to Liability for Tortious Interference With the Contract of its Subsidiary

Plaintiff concedes that in order to withstand a dismissal motion, it must allege not just interference, but "improper" interference on the part of Iconix. Pl. Br. at 3-4. *See also White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 8 N.Y.3d 422, 426, 835 N.Y.S.2d 530, 532 (2007) (emphasis supplied) ("In a contract interference case – as here – the plaintiff must show … defendant's **intentional and improper** procuring of a breach …") However, plaintiff misstates the legal standard for assessing improper interference. *See* Pl. Br. at 3-4. This case is not governed by the balancing approach set forth in *Jews for Jesus, Inc. v. Jewish Community Relations Council of New York, Inc.*, 968 F.2d 286, 292 (2d Cir. 1992) (examining the nature of the defendant's conduct, the defendant's motive, the interests of the plaintiff with which the defendant interferes, the interests the defendant seeks to advance, the social interests at stake, the proximity of the defendant's conduct to the interference, and the relations between the parties). Where, as here, the "defendant has an economic interest in a contract … a plaintiff must prove more than these elements and must show that the interference was either malicious or involved conduct rising to the level of criminality or fraud." *MacPhee v. Verizon Communications Inc.*, 2008 WL 162899 at * 5n. 6 (S.D.N.Y. Jan. 15, 2008) (Jones, J.). *See also Vinas v. Chubb Corp.*, 499 F.Supp.2d 427, 431-32 (S.D.N.Y. 2007) (Baer, J.); *Masefield AG v. Colonial Oil Industries*, 2006 WL 346178 at *5 (S.D.N.Y. Feb. 15, 2006) (Leisure, J.); *Foster v. Churchill*, 87 N.Y.2d 744, 750, 642 N.Y.S.2d 583, 586 (1996) ("… economic interest is a defense to an action for tortious interference with a contract unless there is a showing of malice or illegality.")

2

Plaintiff is wrong in contending that Iconix may not rely on the economic interest defense. Pl. Br. at 4-5. Defendant IP Holdings is undisputedly a wholly-owned subsidiary, and it is well settled that "a parent causing a subsidiary to breach a contract it has with a third party cannot be liable for tortious interference." *Levine v. Reader's Digest Ass'n, Inc.*, 2006 WL 1683417 at * 5 (S.D.N.Y. June 16, 2006) (Brieant, J.). *See, e.g., Vinas v. Chubb Corp.*, 499 F.Supp.2d at 431-32 ("'economic interest' defense" applied where "defendant and the breaching party had a parent-subsidiary relationship"); *White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 8 N.Y.3d at 426, 835 N.Y.S.2d at 532-33 ("economic interest defense ... has been applied ... where defendant and the breaching party had a parent-subsidiary relationship") (*citing American Protein Corp. v. AB Volvo*, 844 F.2d 56, 63 (2d Cir.1988), *cert. denied*, 488 U.S. 852 (1988)); *WMW Machinery Co., Inc. v. Koerber AG*, 240 A.D.2d 400, 401, 658 N.Y.S.2d 385, 386 (2d Dept. 1997) ("defendants, as either the parent or a subsidiary of the Manufacturers, have an economic interest in the Manufacturers sufficient to support a defense of economic justification."); *Koret, Inc. v. Christian Dior, S.A.*, 161 A.D.2d 156, 157, 554 N.Y.S.2d 867, 869 (1st Dept. 1990) ("Dior-Paris, as the corporate parent, had a right to interfere with the contract of its subsidiary, in order to protect its economic interests ... It is well established that only a stranger to a contract, such as a third party, can be liable for tortious interference with a contract.")

Even the sole 1985 case cited by plaintiff, *Record Club of America, Inc. v. United Artists Records, Inc.*, 611 F.Supp. 211 (S.D.N.Y. 1985) (Connor, J.), recognized that "one who has a financial interest in the business of another is privileged to interfere with a contract between the other and a third party if his purpose is to protect his own interests and if he does not employ improper means." *Id.* at 217. The Court declined to grant summary judgment in *Record Club*

3

because it could not "conclude that there is no dispute as to whether UAR's conduct was fraudulent or malicious." *Id.* at 217. Here, by contrast, plaintiff does not specify any conduct that could give rise to a factual dispute as to whether Iconix' conduct was fraudulent or malicious. The conclusory allegation that Iconix' interference was "intentional and improper," Am. Compl. at ¶ 44, is wholly inadequate to state a claim. *See Masefield AG v. Colonial Oil Industries*, 2006 WL 346178 at *4 (holding insufficient "conclusory allegations" that "Masefield Ltd and Masefield AG intentionally induced Masefield America to breach the Contract by, among other things, putting pressure on Masefield American to breach the contract and/or directing it to breach ... [i]n doing so, Masefield Ltd and Masefield AG acted with dishonesty and unfair means."). *See also* Moving Br. at 10 n. 7.

Plaintiff simply fails to identify any act or behavior that was "malicious or involved conduct rising to the level of criminality or fraud.'" *Vinas v. Chubb Corp.*, 499 F.Supp.2d at 431-32. Even accepting as true all of the allegations of the Amended Complaint, plaintiff states only that IP Holdings breached an exclusive licensing agreement and that Iconix caused it to do so. Although plaintiff represents that the Amended Complaint alleges that Iconix acted with the motive of misappropriating its business relationship with Future Exports, Pl. Br. at 4, the Amended Complaint says no such thing. *See* Am. Compl. at ¶¶ 11-13, 31-33. Moreover, making a better business deal is not malicious or criminal; rather this is precisely the sort of economic interest that a parent corporation is privileged to protect. The tortious interference claim must be dismissed.

### B. The Injurious Falsehood Claim Omits Requisite Elements and Does Not Arise Out of the Same Transaction or Occurrence as the Original Claims

Plaintiff's argument that it need not plead special damages is contrary to all recent authority from the New York federal and state courts, which uniformly hold that "[t]he

4

requirement of pleading and proving special damages is applied strictly." *Daniels v. St. Luke's-Roosevelt Hosp. Center*, 2003 WL 22410623 at *7 (S.D.N.Y. Oct. 21, 2003) (Fox, M.J.). *See also Berwick v. New World Network Intern., Ltd.*, 2007 WL 949767 at *15 (S.D.N.Y. Mar. 28, 2007) (Koeltl, J.); *Rosenberg v. Home Box Office, Inc.*, 33 A.D.3d 550, 822 N.Y.S.2d 921 (1st Dept. 2006); *Stanton v. Carrara*, 28 A.D.3d 642, 813 N.Y.S.2d 515 (2d Dept. 2006); *Kasada, Inc. v. Access Capital, Inc.*, 2004 WL 2903776 at * 16 (S.D.N.Y. Dec. 14, 2004) (Daniels, J.); *E-Z Bowz, L.L.C. v. Professional Product Research Co., Inc.*, 2003 WL 22068573 at * 35 (S.D.N.Y. Sept. 5, 2003) (Gorenstein, M.J.); *Rall v. Hellman*, 284 A.D.2d 113, 114, 726 N.Y.S.2d 629, 632 (1st Dept. 2001); *Wasserman v. Maimonides Medical Center*, 268 A.D.2d 425, 426, 702 N.Y.S.2d 88, 89 (2d Dept. 2000); *Fabry v. Meridian Vat Reclaim, Inc.*, 2000 WL 1515182 at *4 (S.D.N.Y. Oct. 11, 2000) (Buchwald, J.). On this basis alone, plaintiff's injurious falsehood claim must be dismissed. *Daniels v. St. Luke's-Roosevelt*, 2003 WL 22410623 at *7 ("a motion to dismiss a claim of injurious falsehood may be granted for failure to allege special damages with the requisite specificity.").

However, additional reasons also mandate dismissal. The alleged statements – *i.e.*, that plaintiff did not have an agreement to license Mudd and that plaintiff would be an untrustworthy business partner – do not "speak to the quality of plaintiff's goods or services" and therefore cannot form the basis of an injurious falsehood claim. *Henneberry v. Sumitomo Corp. of America*, 415 F.Supp.2d 423, 472 (S.D.N.Y. 2006) (Leisure, J.). *See also Berwick v. New World Network,* 2007 WL 949767 at *15 ("an injurious falsehood 'is confined to denigrating the quality of the [plaintiff's] business'[s] goods or services.'"); *Plasmart, Inc. v. Wincell Intern. Inc.*. 442 F.Supp.2d 53, 56 n.2 (S.D.N.Y. July 7, 2006) (Castel, J.) (same); *Cunningham v. Hagedorn*, 72 A.D.2d 702, 704, 422 N.Y.S.2d 70, 74 (1st Dept. 1979) (statements which "do not concern

5

themselves with plaintiff's property ... may not be the subject of an action for injurious falsehood.") In addition, the statement that plaintiff would not be trustworthy is a non-actionable expression of opinion. *Henneberry v. Sumitomo Corp*, 415 F.Supp.2d at 472 (finding "not colorable" claim for injurious falsehood based on statements asserting that plaintiff lacks skill and business acumen.); *Tasso v. Platinum Guild Intern.*, 1998 WL 841489 at *5 (S.D.N.Y. Dec. 3, 1998) (Preska, J.) ("statements that plaintiff was 'unethical, untrustworthy and unprofessional' and 'incompetent,'" are "non-actionable statements of opinion") (citing cases).

Finally, the injurious falsehood claim is time-barred. Plaintiff concedes that this claim is subject to a one year statute of limitations and does not dispute the fact that any purported publication of false information occurred in October 2006 – more than one year before the November 19, 2007 Amended Complaint. However, plaintiff contends that the new claim should be deemed timely filed because relates back to the filing of the original May 2007 complaint. Pl. Br. at 7-8.

Plaintiff is wrong. The only case it cites, *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574, 65 S.Ct. 421 (1945), is not only more than 60 years old but wholly inapposite. The plaintiff there claimed that her husband's death was caused by the negligent operation of a railroad car. *Id.*, 323 U.S. at 575, 65 S.Ct. at 422. "The original complaint ... alleged a failure to provide a proper lookout for deceased, to give him proper warning of the approach of the train, to keep the head car properly lighted, to warn the deceased of an unprecedented and unexpected change in the manner of shifting cars." *Id.*, 323 U.S. at 581, 65 S.Ct. at 424. The Supreme Court held that an amended complaint alleging that the locomotive was not properly lighted was timely filed pursuant to Fed.R.Civ.P. 15(c) because "the cause of action now, as it was in the beginning, is

the same – it is a suit to recover damages for the alleged wrongful death of the deceased." *Id.*, 323 U.S. at 581, 65 S.Ct. at 424.

By contrast, the injurious falsehood claim is an entirely new cause of action that does not arise out of the same "conduct, transaction, or occurrence" as the breach of contract and tortious interference claims in the original complaint. Rule 15(c)(2). Those claims allege that IP Holdings entered into and subsequently breached an exclusive licensing agreement with plaintiff, and that Iconix caused IP Holdings to breach the contract. Original Complaint[4] at ¶¶ 18-29, 33-34, 38, 40-43. The allegation that defendants also made false statements to the Mexican company Future Exports and thereby damaged plaintiff's reputation in Mexico and with Future Exports, Am. Compl. at ¶ 49, is plainly separate conduct from the alleged breach of a licensing agreement.

As discussed in defendants' Moving Brief, each publication of a false statement "gives rise to a separate cause of action and does not relate back to an earlier publication." *Purnell v. Diesso*, 1996 WL 37770 at *2 (S.D.N.Y. Jan. 31, 1996) (Patterson, J.). *See also Jewell v. Capital Cities/ABC, Inc.*, 1998 WL 702286 at ** 2-3 (S.D.N.Y. Oct. 7, 1998) (Preska, J.). Even where the content of a false statement is identical, a new instance of defamation added to an amended complaint does not relate back to the filing of the original for statute of limitations purposes. *Pruiss v. Bosse*, 912 F.Supp. 104, 106 (S.D.N.Y. 1996) (Parker, J.). Plaintiff cites not a single case for the proposition that such a claim of injurious falsehood or defamation can relate back to the filing of a breach of contract action. *See, e.g., Polycast Technology Corp. v. Uniroyal, Inc.*, 1992 WL 123185 at * 15-16 (S.D.N.Y. May 28, 1992) (Haight, J.) (defamation claim did not relate back to filing of original complaint alleging breach of contract and wrongful discharge).

---

[4] Plaintiff's original May 24, 2007 complaint is annexed as Exhibit A to the Karlstein Dec.

In sum, plaintiff's claim fails for a host of reasons, including: (a) the absence of any allegations regarding the requisite element of special damages, (b) the subject matter of the alleged statements is not actionable as an injurious falsehood; and (c) the claim is time barred.

### C. Plaintiff Still Does Not Allege an Expectation of Compensation for its Preparatory Work

Plaintiff contends that it established the profitability of exploiting the Mudd brand in Mexico, introduced defendants to denim manufacturer Future Exports, and negotiated a business relationship among the parties and Future Exports. Pl. Br. at 8-9. However, even in response to defendants' motion to dismiss, plaintiff still fails to allege that it had any reasonable expectation of compensation for so doing. The Amended Complaint clearly alleges that plaintiff hoped to be the exclusive licensee for Mudd in Mexico, Am. Comp. at ¶¶ 7, 14-17, not that plaintiff was hired – or expected a fee – to find or negotiate a deal with a potential licensee. Work performed "based upon the hope" of being awarded a contract is "merely preparatory" and does not give rise to quantum meruit recovery. *Absher Const. Corp. v. Colin*, 233 A.D.2d 279, 280, 649 N.Y.S.2d 174, 175 (2d Dept. 1996). *See also Rogers v. HSN Direct Joint Venture*, 1999 WL 595533 at *2 (S.D.N.Y. Aug. 6, 1999) (Stanton, J.) ("Money expended in preparation for eventually performing under an agreement is not compensable in quasi-contract."); *Metropolitan Steel Industries, Inc. v. Citnalta Const. Corp.*, 302 A.D.2d 233, 233-34, 754 N.Y.S.2d 278, 279 (1st Dept. 2003) (no quantum meruit claim where even though "plaintiff may have performed preparatory work in anticipation of and to facilitate a successful contract negotiation"); *Landcom, Inc. v. Galen-Lyons Joint Landfill Com'n*, 259 A.D.2d 967, 967, 687 N.Y.S.2d 841, 842-43 (4th Dept. 1999) (no quantum meruit claim where plaintiff prepared a landfill construction application and expended money with the expectation that it would eventually operate the new landfill facility.)

## CONCLUSION

For all of these reasons, as well as those set forth in Defendants' Moving Br. (which is expressly incorporated by reference herein), plaintiff's Second, Third and Fourth Claims fails to state a claim upon which relief may be granted and must therefore be dismissed pursuant to Rule 12(b)(6).

Dated: New York, New York
January 25, 2008

                                             SPEARS & IMES LLP

                                             By:    Debra A. Karlstein
                                             51 Madison Avenue, 25th floor
                                             New York, New York 10010
                                             Tel: (212) 213-1715
                                             Fax: (212) 213-0849

                                             *Attorneys for Defendants Iconix Brand*
                                             *Group, Inc. and IP Holdings LLC*