Jared B. Stamell (JS 5225)
STAMELL & SCHAGER, LLP
One Liberty Plaza, 35th Floor
New York, New York 10006
(212) 566-4047

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXPORTACIONES DEL FUTURO S.A. DE C.V.,

Plaintiff,

v.

ICONIX BRAND GROUP INC. and
IP HOLDINGS, LLC,

Defendants

Case No. 07 CIVIL 4145 (LBS)

**REPLY TO COUNTERCLAIMS**

Plaintiff EXPORTACIONES DEL FUTURO S.A. DE C.V. ("Plaintiff"), by its undersigned attorneys, hereby reply to the counterclaims ("Counterclaims") asserted in defendants ICONIX BRAND GROUP INC. and IP HOLDINGS, LLC ("Defendants") as follows:

64. Denies the allegations in Paragraph 64.

65. Admits that Plaintiff signed and returned a written license agreement; deny all other allegations in Paragraph 65.

66. Denies the allegations in Paragraph 66.

67. Denies the allegations in Paragraph 67.

68. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 68.

69. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 69.

70. Admits the allegations of Paragraph 70.

71. Admits the allegations of Paragraph 71.

72. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 72.

73. Denies the allegations in Paragraph 73.

74. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 74.

75. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 75.

76. Denies the allegations in Paragraph 76.

77. Admits that Gershon invited Tentler to Mexico to tour the Future Exports facility; admits that Gershon stated that Mudd jeans would potentially be manufactured at the Future Exports facility.

78. Denies the allegations in Paragraph 78.

79. Denies the allegations in Paragraph 79.

80. Denies the allegations in Paragraph 80.

81. Denies that Gershon made any false representations; admits that Gershon was not, and never has been, a principal of Future Exports; admits that Gershon was not in a formal partnership with Nawama and Twadil.

82. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 82.

83. Admits that Defendants offered an exclusive license to Plaintiff, and that the parties negotiated same; otherwise denies the allegations of Paragraph 83.

84. Denies the allegations in Paragraph 84.

85. Denies the allegations in Paragraph 85.

86. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 86.

87. Admits the allegations in Paragraph 87.

88. Admits the allegations in Paragraph 88.

89. States that the provisions of the agreement referenced in Paragraph 89 speak for themselves, and therefore denies the allegation.

90. Admits the allegations in Paragraph 90.

91. Denies the allegations in Paragraph 91.

92. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 92.

93. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 93.

94. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 94.

95. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 95.

96. Admits that Gershon attended a meeting at Iconix' office on or about the date referenced; admits to offering to find other factories to manufacture Mudd products; otherwise denies the allegations in Paragraph 96.

97. Admits that Defendants requested additional information; otherwise denies the allegations in Paragraph 97.

98. Denies knowledge and information sufficient to admit or deny the allegations in Paragraph 98.

99. Admits that Defendants reneged on the agreement referenced in Paragraph 99; otherwise denies the allegations in that Paragraph.

100. Admits that Defendants reneged on the agreement referenced in Paragraph 100; otherwise denies the allegations in that Paragraph.

### FIRST COUNTERCLAIM

101. The responses to Paragraphs 64 through 100 are incorporated as if repeated herein.

102.    Admits that Plaintiff signed the agreement referenced in Paragraph 102; denies that Defendants never signed the agreement; admits that Defendants never returned the agreement to Plaintiff.

103.    States that the allegations of Paragraph 103 state legal conclusions and require no response.

104.    States that the allegations of Paragraph 103 state legal conclusions and require no response.

## SECOND COUNTERCLAIM

105.    The responses to Paragraphs 64 through 104 are incorporated as if repeated herein.

106.    Admits that Gershon showed Tentler the Future Exports factor; otherwise denies the allegations of Paragraph 65.

107.    Denies the allegations in Paragraph 107.

108.    Denies the allegations in Paragraph 108.

109.    Admits that Gershon was not and had never been a principal of Future Exports; otherwise denies the allegations in Paragraph 109.

110.    Denies the allegations in Paragraph 110.

111.    Denies the allegations in Paragraph 111.

112.    Denies the allegations in Paragraph 112.

113.    Denies the allegations in Paragraph 113.

114.    Denies the allegations in Paragraph 114.

115.    Denies the allegations in Paragraph 115.

## THIRD COUNTERCLAIM

116.     The responses to Paragraphs 64 through 115 are incorporated as if repeated herein.

117.     States that the provisions of the agreement referenced in Paragraph 89 speak for themselves, and therefore denies the allegation.

118.     Admits the allegations in Paragraph 118.

119.     States that the allegations of Paragraph 119 state legal conclusions and require no response.

120.     States that the allegations of Paragraph 120 state legal conclusions and require no response.

121.     States that the allegations of Paragraph 121 state legal conclusions and require no response.

## FIRST AFFIRMATIVE DEFENSE

122.     Defendants' counterclaims fail to state claims for relief.

## SECOND AFFIRMATIVE DEFENSE

123.     Defendants' second counterclaim is not pled with the requisite particularity required by Rule 9(b).

## THIRD AFFIRMATIVE DEFENSE

124.     Defendants' third counterclaim is barred by Defendants' prior breach of the agreement.

## FOURTH AFFIRMATIVE DEFENSE

125.     Defendants' counterclaims are barred by waiver, laches, estoppel, unclean hands, and the statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the judgment prayed for in the Complaint, plaintiff prays for judgment denying relief to Defendants on Defendants' counterclaims.

Dated: New York, New York
       March 24, 2008

                                        STAMELL & SCHAGER, LLP

                              By: _____
                                   Jared B. Stamell, Esq. (JS 5225)
                                   One Liberty Plaza, 35th Floor
                                   New York, New York  10006
                                   (212) 566-4047

                                   *Attorneys for Plaintiff*